# Tatum *v.* The State.

### Betting at Cards or Dice.

(Decided June 30, 1908. 47 South. 339.)

1. *Appeal; Harmless Error.*—A witness having testified positively that the defendant and others were shooting dice, if it was error, to overrule a further expression of the witness that in his best judgment they were shooting craps, it was error without injury.

2. *Gaming; Public Place; Tent.*—A tent in a field in the sight of a road near a railroad to which the public were at liberty to come without invitation and to enter without knocking or invitation, was a public place within the meaning of the statute against playing a game of chance at a public place.

3. *Same; Evidence; Jury Question.*—The evidence in this case examined and held to require a submission to the jury the issue of whether or not the defendant was engaged in playing a game prohibited by the statute at a place prohibited.

4. *Appeal; Harmless Error.*—Where the evidence without conflict showed that the playing was done at a public place, if it was error, to give a charge, that if there were twenty-five or thirty people there that that would make it a public place, the error was harmless.

APPEAL from Shelby County Court.

Heard before Hon. A. P. LONGSHORE.

Will Tatum was convicted of betting at a game played by cards or dice or some device or substitute therefor at a public place, and he appeals. Affirmed.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney-General, for the State.

HARALSON, J.—The defendant was tried and convicted on an affidavit charging him with betting at a game played with cards or dice, in a public house, highway or some other public place, or at an outhouse where people resort.

The evidence for the state, and that for defendant, showed that the tent where the gaming occurred was a public place.

Fallon, for the state, testified that the tent was a railroad camp about 100 yards from the railroad in an old field, and faced the railroad; that while he and one Gregory and one Harden were walking down this road, they could see into the tent, and saw the parties therein, and according to his best judgment they were shooting dice; that he and Gergory approached the tent and saw the parties inside; that there were eight negroes in the tent, and there was a game of dice or craps going on inside; that on the ground he saw money and saw the parties shooting dice into the ring, and heard some one talking about betting; that he heard some one say, "I will bet you 50 cents," or some expression like that; that it was said by one around the ring; that another replied, "I'll fade you a dollar," and it was his best recollection that it was defendant who said this; that he saw defendant down on his knees around the ring; that he was down in the crowd that was engaed in the game in the ring; that there was a light in the tent, and he

C 10

could see all that were in the tent; that he told all the negroes in the tent to hold up their hands; that there was a grab made by the parties for the money when they saw witness and his companions; and that defendant, when they ordered, "Hands up," jumped up and got in a bed in the tent and covered up, and they got him out of bed. He also testified that he did not know the names of all the negroes in the tent, and that he did not see defendant throw or shoot any dice, or put down or pick. up any money.

The defendant moved to exclude from the jury the expression of the witness, "That according to his best judgment they [the negroes engaged in the game] were shooting dice," which motion was overruled. If the ruling was error, it was harmless, for the reason that the witness testified postively that the negroes in the tent were shooting dice.

The defendant, testifying for himself, stated "that any and all persons could come into that tent whenever they wanted to, and did come without invitation or knocking, day or night." Witnesses for the state testified to substantially the same thing. This made it a public place, within the meaning of the statute against gaming.—*Lee v. State,* 136 Ala. 31, 33 South. 894; *Dennis v. State,* 139 Ala. 109, 35 South. 651.

The defendant testified that he did not engage in the game described, and stated that he did not jump up and get in bed, but had been asleep in bed for two hours.

The court properly refused, under the evidence, to give the affirmative charge for defendant.

The court in its oral charge stated: "I charge you, gentlemen of the jury, that if there were 25 or 30 people there (which there was evidence tending to show), that would make it a public place in contemplation of law." That charge, by itself, contains an erroneous state-

[Edgar v. The State.]

ment of the law, but was clearly innocuous, since the evidence without conflict shows that the place where the gaming and betting were had, was a public place.

Affirmed.

Tyson, C. J., and Simpson and Denson, JJ., concur.