# CHARLESTON.

### STATE *v.* MAYNARD.

Submitted February 16, 1909. Decided December 21, 1909.

GAMING—*Playing Cards at a Public Place—Evidence.*

An indictment for playing cards at a public place or place of public resort, other than a hotel or tavern, is not sustained where the evidence shows that the public were in every way excluded from the place at the time the playing occurred. (p. 523).

Error to Circuit Court, Wayne County.

Winchester Maynard was convicted of playing cards in a public place, and brings error.

*Reversed, and Defendant Discharged.*

*J. H. Meek,* for plaintiff in error.

*William G. Conley, Attorney General,* and *D. E. Matthews, Assistant Attorney General,* for the State.

ROBINSON, JUDGE:

Winchester Maynard was indicted for playing cards at a public place and a place of public resort, other than a hotel or tavern, under Code, chapter 151, section 4. Trial by jury was waived, and the court heard the case upon an agreed statement of facts. It found the accused guilty, assessed a fine, and rendered judgment against him accordingly.

The following is the statement of facts: "The defendant and as many as twenty or more persons did play at a game of cards at the building mentioned in the indictment in Wayne County, West Virginia, and within one year from the finding of the indictment at divers times. That while the game was going on the door to the building was shut and locked and no one but the players allowed in the room, all others, being kept out; that the room where the playing was done was a basement room entirely under the street or public road, and was used for no purpose other than for gaming and was not within view of any public place or of any person whatsoever except the players; that on divers occasions parties of players organized for the purpose of playing the said game and resorted to said room to play and did play said game; that when the game was organized the door was fastened and no one but players allowed to see the game and that as many as eight persons were in the game at a time."

The place mentioned in the indictment is "the basement room under the office formerly occupied by Dr. A. Watts, in the village of East Lynn." As we have stated, that place is charged in the indictment to be a public place and a place of public resort. Is it such place? Under this indictment it is the public character of the place that makes the playing an offense. If the place charged is not shown to have been a public one, no offense is proved.

Decision in this case is controlled by *State* v. *Brast,* 31 W. Va. 380. Judge SNYDER there dealt with the identical question arising under this same statute. After reviewing the Virginia authorities, he says: "The general principle to be deduced from these cases seems to be that the place at which the gaming occurs must be public at the time the playing takes place. It must be a place to which people are at the time privileged to resort without an invitation. There must also be a publicity about it, for this statute is not intended to reach concealed gambling in a private place. There are other provisions of the statute made for the punishment of such cases. The provision is not intended to suppress gambling as a vice *per se,* but to prevent it from becoming an annoyance and a nuisance to the public, or persons not participating in it."

The facts now before us do not show the place in question

to have been a public place and a place of public resort at the time the playing at cards occurred. Those facts show it to have been at that time a private place—a place of private resort only. The building was shut and locked, and no one but the players were allowed to enter. The public were excluded by the key. The public could not resort to the place while the playing was going on. The players only were admitted. Nor did the public have a view of the place at the time. The players made the place strictly private for their purpose. Then how could the playing be an annoyance or nuisance to the public or to persons not participating in the game? It must be such annoyance or nuisance to ,be an offence within the meaning and purpose of the particular statute upon which the indictment is based.

The judgment is erroneous. It will be reversed, the finding of guilty set aside, and the defendant discharged from accusation under the indictment.

*Reversed and Defendant Discharged.*