# Mitchell *v.* The State.

### *Carrying Concealed Weapon.*

(Decided July 6, 1910. 53 South. 285.

*Courts; Transfer of Causes; Time.*—Under the rule, that where a statute defines the time of performance of an official act, such direction shall be considered directory only unless the nature of the act to be performed or the nature of the statute shows that the time designated was intended as a limitation upon the officer's power, the requirements of Local Acts 1907, p. 329, creating the Andalusia City Court, that the order for transfer of causes from the circuit to the city court be made on the first day of the succeeding regular term of said court, was directory only and the making of the order on a day later did not affect the jurisdiction of the city court over prosecutions for misdemeanor transferred under said order.

APPEAL from Andalusia City Court.

Heard before Hon. ROBERT H. JONES.

Harvey Mitchell was convicted of carrying concealed weapons and he appeals. Affirmed.

A. WHALEY, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.

SAYRE, J.—No bill of exceptions is reserved. On examination of the record, we find no irregularity unless the fact that it does not show that the order of the circuit court transferring misdemeanor cases to the city court was made at the first term of the circuit court after the creation of the city court of Andalusia is an irregularity. The statute creating the city court of Andalusia (Loc. Acts 1907, p. 329) required that on the first day of the next regular term of the circuit court of Covington the presiding judge should make and en-

[Mitchell v. The State.]

ter upon the minutes of said court an order directing the clerk to deliver to the judge of the city court all indictments, etc., in misdemeanor cases then pending, or which might thereafter be found by any grand jury, in the circuit court. If, for lack of evidence in this record, it be assumed that the judge of the circuit court deferred making an order until the date of the order shown in the record, the first day of a subsequent term, that would be an irregularity only, and would not fatally affect proceedings had in the city court in cases transferred under the order shown, for in respect at least to the time of making the order the statute is directory only. It is not to be supposed that there was a legislative intention that a delay of one day, or one term for that matter, on the part of the judge presiding in the circuit court in making the order provided for, should suffice to deprive the city court of a large and important part of its jurisdiction. The rule is that, where a statute directs when an official act touching the rights and duties of others shall be performed, the time of performance will be considered as directory, unless the nature of the act to be performed, or the language of the statute, shows that the designation of the time was intended as a limitation upon the power of the officer.—Sedgwick, Stat. Con. 320.

As for the rest, this case is controlled by the case of *Lee Green v. State*, (*post* 104), 53 South. 284.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.