# Green v. The State.

## Carrying Concealed Weapon.

(Decided July 6, 1910. 53 South. 284.)

1. *Courts; Transfer of Causes; Order.*—An order made by the judge of the circuit court of Covington county directing that all cases on the criminal docket of the circuit court in which any defendant was charged with the misdemeanor (except the one against Andy Gomillion charged with carrying concealed weapon) be transferred to the Andalusia city court, and that all papers in such cases be delivered to the proper custodian of same in said city court, and that all indictments thereafter returned in the circuit court by any grand jury against any person charging a misdemeanor be delivered to the proper custodian of the same, was sufficient under section 3, Local Acts 1907, p. 331, to transfer an indictment against a defendant for carrying a pistol concealed about his person, with the exception of · Andy Gomillion.

2. *Charge of Court; Reasonable Doubt.*—A charge asserting that the jury should discharge the defendant if they have a doubt of his guilt is improper for a failure to require the doubt to be a reasonable one.

3. *Same.*—A charge asserting that if any member of the jury have a reasonable doubt of the guilt of the defendant growing out of any part of the testimony, upon a consideration of all the testimony, then the jury could not find the defendant guilty was a correct statement of the law and should have been given.

APPEAL from Andalusia City Court.

Heard before Hon. ROBERT H. JONES.

Lee Green was convicted of carrying a pistol concealed about his person, and he appeals. Reversed and remanded.

The following charges were refused to defendant:

"(A) If, from a consideration by the jury of all the testimony, the jury has a doubt of the guilt of the defendant growing out of any part of the testimony, then they cannot find the defendant guilty."

"(D) If any member of the jury has a reasonable doubt of the guilt of the defendant growing out of any part of the testimony on a consideration of all the testimony, then the jury cannot find the defendant guilty."

A. WHALEY, for appellant.  The statute was not complied with in the order made either as to time or substance, and hence, the circuit court still retains the case and it only had jurisdiction to try.—Sec. 143, Const. 1901, *Carew v. Lillianthall*, 50 Ala. 44; *Dunbar v. Frazer*, 78 Ala. 529.  The court should have given the written instructions requested.—*Hale v. The State*, 26 So. 236; *Littleton v. The State*, 29 So. 390; *Hunt v. The State*, 33 So. 329.

ALEXANDER M. GARBER, Attorney General, for the State.

EVANS, J.—This case originated in the circuit court at Andalusia, Covington county.  The indictment was found by the grand jury of said court at the fall term, 1907.  The presiding judge on the first day of said term of court made and entered upon the minutes of said court an order in words as follows: "It is ordered that all cases now on the criminal docket of the circuit court in which party defendants are charged with a misdemeanor, except that one against Andy Gomillion, charged with carrying concealed weapons, be transferred to the city court of Andalusia, and that all papers in said cases be delivered to the proper custodian of said city court, and that all indictments hereafter returned into this court by any grand jury against any person charging a misdemeanor be delivered to the proper custodian of same in said city court."  This order was made by virtue of an act of the Legislature (see Loc. Acts 1907, § 3, pp. 331, 332), which provides, among other things: "And provided further that at the next regular term of the circuit court for said county, and on the first day thereof, it shall be the duty of the presiding judge thereof to make and enter upon the minutes of said court an

[Green v. The State.]

order directing the clerk of such court to deliver to the judge of the city court all indictments in misdemeanor cases then pending and undetermined in said court, and said order shall provide for the delivery of all other indictments in misdemeanor cases which may hereafter be found by any grand jury of said court, or that may be pending therein, together with all the papers, data, and a copy of the records of such indictments and the minute entries therein, and upon such delivery the jurisdiction of the circuit court shall cease and the said city court be empowered to try all such causes as if the same had originated in said city court; but upon the indictments so filed in said court." The defendant contends that the trial court erred in rendering judgment against appellant for that the said city court of Andalusia was not authorized by law in this particular case on the indictment shown by the record to render judgment. In other words, he contends that the order did not conform to the statute, and therefore this case was not transferred from said circuit court to the city court for trial, but is still pending in said circuit court. Upon an examination of the order and statute, we are constrained to the opinion that the order was sufficient to transfer this case. We will presume that the delivery was made as provided by the statute and the order of the court, since there was no objection made on that account at the trial, and the statute does not provide for any means by which it shall appear of record that such delivery was made. We therefore conclude that the case was properly before the city court of Andalusia for trial.

Written charge "A," refused to defendant, was properly refused because it required the jury to discharge the defendant if they had a doubt of his guilt. The

[Jones v. The State.]

doubt authorizing an acquittal at the hands of the jury is a reasonable doubt.

Written charge "D," refused to defendant, should have been given. The charge has been several times approved, in its legal effect, by this court. The objection urged against this charge is that it tends to direct the minds of the jury to that part of the evidence most favorable to defendant rather than to the whole evidence; but this court has held to the contrary so often that the matter should be regarded as settled.

For the error pointed out, the case is reversed and remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.