# Branch *v.* The State.

### *Adultery.*

(Decided January 20th, 1914.   64 South. 507.)

1. *Charge of Court; Applicability to Evidence; Prejudice.*—Under the facts in this case, it appearing that a white man, on whose initiative the defendant, a colored woman, was arrested for adultery, had greatly inconvenienced himself to procure evidence showing her guilt, as shown by his own testimony, the defendant was entitled to have the jury instructed that they might disregard the evidence of any witness who had exhibited prejudice or anger against the defendant.

2. *Words and Phrases; Prejudice.*—"Prejudice" is a bias or leaning towards one side or the other of a question, an unreasonable predilection for or against anything, formed especially without grounds.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Louisa Branch was convicted of adultery and she appeals.   Reversed and remanded.

Charge A is as follows:   The court charges the jury that if any of the state's witnesses have exhibited prejudice or anger against the defendant, and satisfied you that they have not testified truly, and are not worthy of belief, and you think their testimony should be disregarded you may disregard it altogether.

RIDDLE & ELLIS, for appellant.   The court erred in refusing charge A under the facts in this case.—*Adams v. The State,* 57 South. 591; *Jackson v. The State,* 57 South. 596; *Naugher v. The State,* 60 South. 458.

[Branch v. The State.]

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The record affords no reason for the giving of charge A, requested by defendant.—*Wright v. The State,* 156 Ala. 108; *Adams v. The State,* 57 South. 591.

THOMAS, J.—Written charge A requested by defendant and refused by the court was a correct exposition of the law.—*Hammond v. State,* 147 Ala. 79, 41 South. 761; *Jackson v. State,* 5 Ala. App. 306, 57 South. 594; *Adams v. State,* 175 Ala. 8, 57 South. 591; *Burkett v. State,* 154 Ala. 19, 45 South. 682. And we are of opinion that it was not abstract in the present case, as it was held to be under the facts in the case of *Naugher v. State,* 6 Ala. App. 3, 60 South. 458, and cases there cited.

The only witness for the state was a white man, and the defendant was a negro woman, who was arrested on his initiative and convicted on his testimony of adultery. He testified that he had heard a rumor that she was guilty of illicit connections with the codefendant, and on the strength of this he watched her in order to obtain the evidence on which she was convicted, and on one of these nights in watching her he lay under a house half an hour in severe cold weather, nearly freezing as a result.

Webster defines "prejudice"—one of the words used in the charge under cosideration—in this wise: "An opinion or decision of mind formed without due examination; prejudgment; a bias or leaning towards one side or another of a question, from other considerations than those belonging to it; an unreasonable predilection or prepossession for or against anything; especially an opinion or leaning adverse to anything, formed without proper grounds or before sufficient knowledge."—6

Words and Phrases, 5501. The conduct mentioned of the state's said witness in inconveniencing himself so greatly for the purpose of obtaining evidence against defendant in order to substantiate the rumor of her guilt was so unusual—he being a white man and she a negro woman—that from it the jury might well infer that he was actuated in his efforts, which caused him such physical suffering, either by prejudice against or by malice towards the defendant. If such motives moved him, they would cast discredit upon his testimony; to what extent was for the jury; who should have been instructed as requested in the refused charge mentioned. Of course, he might have been prompted in his efforts by merely a commendable desire to search out the guilty and bring them to justice for the good of society, or by other worthy motives, which would not discredit his testimony. As to which actuated him, however, was for the jury; but his conduct was certainly such that they might draw from it one of the unfavorable inferences first mentioned. Consequently, the charge considered should have been given, and therefore the judgment is reversed.

Reversed and remanded.