# Wood v. The State.

### Murder.

(Decided February 12, 1914. 64 South. 644.)

1. *Charge of Court; Invading Province of Jury.*—A charge asserting that defendant did not in this case provoke the fatal difficulty was invasive of the province of the jury, and properly refused.

2. *Same.*—A charge asserting that the fact that defendant carried a pistol on the occasion of the killing is no evidence that defendant is guilty of the offense charged, and the carrying of such pistol should not be considered, unless the evidence shows that defendant carried the pistol for offensive purposes against the deceased, was invasive of the province of the jury and properly refused.

APPEAL from Lawrence Circuit Court.

Heard before Hon. C. P. ALMON.

Gertrude Wood was convicted of manslaughter in the first degree, and she appeals. Affirmed.

The charges referred to are as follows: "(2) I charge you that defendant in this case did not provoke or bring on the fatal difficulty according to the evidence in this case. (3) The fact that defendant carried a pistol on the occasion of the killing is no evidence that defendant is guilty of the offense covered by the indictment, and the carrying of such a pistol should have no weight with you in this case, and should not be considered by you, unless the evidence shows you that she carried the pistol for offensive purposes against John Wood."

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

PELHAM, J.—The defendant prosecutes this appeal from a judgment of conviction for manslaughter in the first degree fixing the punishment at 13 months' imprisonment in the penitentiary. The deceased was the husband of the defendant, but they were not living together at the time of the homicide. The defendant had gone to the home of her husband to get certain articles of bed clothing and personal apparel to take them to the place where she was living, and a dispute arose between the parties, in which others present took part, over what part of the bed covering belonged to the defendant and her husband respectively, resulting in a difficulty terminating in the death of the husband from a pistol wound inflicted by the wife. The killing was admitted by the defendant, who relied upon self-defense as justifying the act. There were several persons present at the time of the killing and many of them were examined as witnesses on the trial. The testimony of these witnesses, as set out in the record, is in hopeless conflict as to the actions of the principals and the where-

[Wood v. The State.]

abouts of each other during the course of the difficulty and at the time the fatal shot was fired.

The indictment charged murder in the first degree and there were certain phases of the testimony having a tendency to support a legal finding of guilt of murder in either degree, manslaughter in the first degree, or that the killing was in self-defense. The solicitor did not, however, insist upon a conviction of a higher grade of offense than murder in the second degree, and the court excluded from the consideration of the jury a finding of guilty of murder in the first degree.

No brief has been filed or argument offered in behalf of the appellant, and we find, after a careful examination, nothing presented by the record for our consideration which can result in a reversal of the judgment of conviction.

It could serve no public beneficial purpose to discuss in detail the rulings of the court on the evidence. No question is presented by them that has not been so often decided adversely to the defendant that we do not deem a repetition of the familiar rules at all necessary or that such discussion could serve any useful purpose. The order of the court and all proceedings shown by the record are in all respects regular. The oral charge of the court contains nothing of which the defendant can complain. Taken as a whole, it is a fair statement of the principles of law applicable to the evidence, and the exceptions reserved to certain portions of the charge are without merit.

From what we have said it will be seen that the court was not in error in refusing the general charge requested in writing by the defendant.

Charges 2 and 3 invaded the province of the jury, and were properly refused.

We find no error in the record.

Affirmed.