# CHARLESTON.

## STATE v. SPRINGER.

Submitted November 23, 1915. Decided December 7, 1915.

GAMING—*Offense*—*Place of Public Resort.*

A room in which the card game known as ''poker'' is habitually played and to which all persons who desire to play or to watch the game, are admitted without invitation, and which they are at liberty so to enter, is a place of public resort within the meaning of the statute making it a misdemeanor, to play cards in any public place

or place of public resort, notwithstanding inability of persons to witness or observe the game from any public road, street, railroad, store, shop or other place to which people in general resort for other purposes.

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Tucker County.

E. E. Springer was convicted of unlawfully playing cards in a public place or a place of public resort, and brings error.

*Affirmed.*

*C. O. Strieby,* for plaintiff in error.

*A. A. Lilly,* Attorney General, and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

POFFENBARGER, PRESIDENT:

The plaintiff in error was convicted of playing cards in a public place or a place of public resort, in violation of the statute.

His defense was that the locus of the playing was not such a place as the statute contemplates. The purpose of certain instructions asked for by him and refused by the court was so to define the places in which the statute forbids such playing as to exclude the place in question. Having failed in this, he interposed the same defense by a motion to set aside the verdict.

The room was not one to which the general public resorted for business or pleasure. It was a second floor room in a small building, situate about 200 yards from the public road and some distance from the railroad, and was accessible only by a stair-way at he rear of the building. At that point there was no road nor street, and the ground was rough and rocky. The ground floor, having no connection with the upper room, except by the outside stair-way at the rear of the building, was occupied by a restaurant. The poker room had but one window and the playing was not visible from any street, road or the railroad, nor from the restaurant. Flanagan who ran the restaurant controled the entire building, but one Smith seems to have been operating the poker room. When games were on, the door was closed, but not locked, and any person

who desired to do so could enter, and people did come in without invitation, to play and to watch the playing. In this sense only, was it a place of public resort, and the players and spectators did not disturb, annoy or offend the general public by any exposition of the game in their presence or in any place to which people in general resorted for other purposes. Springer was not indicted for maintaining a gambling room or house, but only for playing in a public place or place of public resort.

Notwithstanding the observation made in *State* v. *Brast*, 31 W. Va. 380, as to the purpose of the statute, namely, to prevent card playing from becoming an annoyance and a nuisance to the public or persons not participating in it, a place to which people habitually resort for the purpose of playing and which is open to all who care to enter as players and spectators, is a place of public resort. Under a statute prohibiting the sale of cider at a place of public resort, a dwelling in which cider is indiscriminately sold and to which persons go to purchase cider, is a place of public resort. Any place to which people indiscriminately go for the purchase of cider is a place of public resort. *Shaw* v. *Carpenter*, 54 Vt. 155; *State* v. *Spaulding*, 23 S. D. 584, 122 N. W. 647; *Bandalow* v. *People*, 90 Ill. 218. Under a gaming statute, a place of public resort is one to which people are in the habit of going for gaming. *Lynn* v. *State*, 27 Tex. App. 590. A place open to all who care to enter, with or without invitation, to play cards or watch the playing, and which people do frequent for such purposes, is a public place. *Smith* v. *State*, 52 Ala. 384; *Tatum* v. *State*, 156 Ala. 144. It is impliedly so held in *State* v. *Maynard*, 66 W. Va. 522.

The purpose assigned to the statute in *State* v. *Brast* constituted a sufficient reason for the conclusion announced in that case, and there was no occasion to pursue the inquiry further. Hence, the observation there made is not to be taken or regarded as a full and complete exposition of the scope and aim of the statute. While the legislature did not mean to suppress private playing, the terms of the statute are broad enough to evince design to suppress playing in places in which people may and do assemble, without invitation, for any purpose.

As this conclusion affirms the legal proposition underlying the rulings upon the instructions, it is unnecessary to discuss them in detail. Some proper instructions asked for by the defendant were refused, but the court gave others covering the subject matter thereof. Such errors as may have been committed in the refusal thereof were either cured or rendered harmless.

The judgment will be affirmed.

*Affirmed.*