[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 558 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.]
George Minor was convicted of manslaughter, and he appeals. Affirmed.
The following charges, noted in the opinion, and not covered by charges given, were refused to defendant:
(7) "There may be a reasonable doubt of defendant's guilt in your mind which does not grow out of the evidence, but which arises from a want of evidence."
(8) "A reasonable doubt is that want of repose and confidence which an honest man has in the correctness of a conclusion which he is about to make after he has given the question under consideration his best thought."
(9) "The state must satisfy your mind to a moral certainty that defendant is guilty before you can convict him."
(10) "I charge you that the burden of proof is never upon the accused to establish his innocence or to disprove the facts *Page 559 
necessary to establish the crime for which he is indicted. The burden of proof is on the prosecution from the beginning to the end of the trial, and applies to every element necessary to constitute the crime."
(11) "No matter how strong the circumstances of this case may be, if they can be explained reasonably and consistently with defendant's innocence, then the law demands an acquittal at their hands."
(12) "If, after subjecting the facts in this case to the test of reason, there is still a doubt of guilt, the jury should acquit."
(13) "It is not enough that one phase of the testimony is consistent with the theory of the guilt of defendant."
Unnumbered and unlettered charge: "I charge you that if you would not be willing to act upon the evidence in this case if it were in relation to matters of the most solemn importance to your own interest, then you must find defendant not guilty."
(22) "I charge you that the danger that will excuse one for killing another need not be real or actual. If the jury believe from all the evidence in this case that the appearance of danger surrounding defendant at the time of the killing was such as to produce a reasonable belief in the mind of defendant that his life was in danger or that he was about to suffer great bodily harm — defendant being without fault at the time — the law holds him harmless, and the jury should acquit."
(23) "The law is a reasonable master, and if the evidence shows you that at the time of the killing the appearance of danger surrounding defendant was such as to produce a reasonable belief in the mind of defendant that his life was in danger, or that he was about to suffer great bodily harm, and defendant was without fault in bringing on the difficulty, the jury ought to acquit him."
(24) "I charge you that defendant was without fault in provoking or bringing on the difficulty, and if the conduct of deceased was such at the time of the killing as to reasonably impress the mind of defendant that his intention was to take his life or do him great bodily harm, then I charge you that the law did not require defendant to wait and see what would be the result of the appearances, but defendant was authorized to act upon the appearances, anticipate and avert the threatened danger, even to the taking of the life of his assailant." *Page 560 
(25) "The jury must find defendant not guilty if the conduct of defendant upon a reasonable hypothesis is consistent with his innocence."
(28) "The only foundation for a verdict of guilty in this case is that the entire jury shall believe from the evidence beyond a reasonable doubt and to a moral certainty that defendant was guilty as charged in the indictment, to the exclusion of every probability of his innocence, and every reasonable doubt of his guilt, and if the prosecution has failed to furnish such measure of proof, and so impress the minds of the jury of his guilt, they should find him not guilty."
(29) "Before you can convict, you must be satisfied to a moral certainty not only that the proof is consistent with the guilt of defendant, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of defendant's guilt, that they would each venture to act upon that decision, in matters of the highest concern and importance to his own interest, you must find defendant not guilty."
(32) "The requirement that juries must believe that defendant is guilty from the evidence beyond a reasonable doubt is not a fiction of law, but is intended as a substantial shield against conviction until that degree of proof is made which leads the jury to believe that defendant cannot reasonably be guiltless under the evidence."
(33) "If, after subjecting the facts in this case, to the test of reason, there is still a doubt of the guilt of defendant, the jury should acquit."
(34) "It is not your duty to convict such defendant to vindicate the law or to improve public morals, unless the evidence is so convincing as to lead your minds to the conclusion that defendant cannot be innocent."
(C) "The presumption of innocence that the law throws around one who is charged with crime is intended to be a shield against conviction until his guilt is, from credible evidence, beyond all reasonable doubt and to a moral certainty."
(D) "Evidentiary facts must all be proved, and the existence of none of them can be presumed. The several circumstances upon which the conclusion depends must be fully established by proof, they are facts, from which the main fact is to be inferred, and they are to be proved by competent evidence, and the same *Page 561 
weight and force of evidence as if each was itself the main fact in issue."
(35) "Good character, if proven, when taken in connection with the whole evidence may have the effect to generate such a doubt as to authorize an acquittal even when the jury would otherwise entertain no doubt.
(36) "If defendant was without fault in bringing on the diffifulty, and if he was in imminent peril, or reasonably appeared to be, of loss of life, or of suffering great bodily harm, then it was not his duty to retreat unless he could do so in safety."
(40) "The court charges the jury that if defendant was without fault in bringing on the difficulty, and if, at the time of the homicide, the peril appeared so apparent as to lead a reasonable mind to the belief that it actually existed, a present, impending, imperious necessity in order to save life, or in order to save himself from fatal bodily harm, to kill deceased, then he had a right to kill him, and the jury must acquit him on the ground of self-defense."
The defendant was indicted for murder in the first degree, and was convicted of the offense of manslaughter in the first degree, and sentenced to ten years' imprisonment in the penitentiary. From the judgment of conviction the present appeal is prosecuted.
(1) The defendant complains that errors prejudicial to him were committed on the trial in rulings of the court on evidence, and the refusal to give certain instructions to the jury requested by him in writing. The first ruling of the court complained of as error was in permitting John Middleton, a witness for the state, against the defendant's objection, to testify as to the particulars of that part of the difficulty between the deceased and the defendant which took place in Gambill's saloon, assigning as ground of objection, because not a part of the res gestae, because illegal, irrelevant, and immaterial, and because remote and disconnected with the encounter which resulted in the killing. There seems to have been no objection as to the testimony of witness Wesley Reeder, who was examined as a witness for the state prior to the *Page 562 
introduction of the witness John Middleton, the said witness Reeder having testified to substantially the same facts as did the witness John Middleton. Neither was there objection interposed as to the testimony along the same line of witnesses Josh Middleton, John Robertson, Henderson Gipson, and Jack Sherrod. All of these witnesses without seeming material conflict testified to the detailed facts relating to the commencement or the beginning of the difficulty out of which the homicide grew. The testimony is practically without conflict that the defendant and deceased mutually and willingly entered into a fight in Gambill's bar, and that the fight continued until they were forcibly separated; that deceased left the Wene of the difficulty by going out of the back door of the saloon and was almost immediately followed by the defendant; and that the fatal shot was fired, as shown by the testimony, in one to three minutes thereafter. The defendant admits that he fired the shot which killed deceased, and the evidence is without conflict that the bullet entered the forehead of the deceased, striking him right in the center between the eyebrows. Under these circumstances, it can be clearly seen that the evidence of John Middleton was competent, and the ruling of the court in admitting it free from error. It was competent to show all that transpired at the time of the killing, and which occurred prior thereto leading up to and explanatory of the tragedy. — Way v. State, 155 Ala. 60,46 So. 273. Acts or declarations are admissible as part of the res gestæ if they are substantially contemporaneous with the main fact tinder consideration and so closely connected with it as to illustrate its character. — Johnson v. State,94 Ala. 41, 10 So. 667; Fonville v. State, 91 Ala. 42, 8 So. 688. In the case of Stitt v. State, 91 Ala. 10, 8 So. 669, 24 Am. St. Rep. 853, it was held that, where it appears that defendant was knocked down by the deceased, and that defendant ran off and got a pistol and returned in about two to five minutes, and the quarrel was renewed and he shot and killed deceased, that the former difficulty was admissible as res gestæ. — Stitt v. State, supra; Jordan v. State, 81 Ala. 20,1 So. 577; Ridgell v. State, 1 Ala. App. 94, 55 So. 327.
(2, 3) Other rulings of the court on the evidence seem to be free from error, or, if error appears, it is not of that character as would probably injuriously affect the substantial rights of the defendant; especially is this true in the light of the testimony of *Page 563 
the defendant himself, as well as all of the witnesses examined as to the facts in this case. — Rule 45, Supreme Court Practice (175 Ala. xxi, 61 South. ix). Furthermore, it would appear that if the testimony referred to was objectionable, it would be because of its having been hearsay, and as no objection was interposed upon the ground of it being hearsay testimony, but only a general objection having been made, it would be considered waived; and under the authority of Elmorev. State, 110 Ala. 63, 20 So. 323, it appears that the defendant has failed to make a proper objection to this testimony to make it available on review.
(4, 5) The court properly refused written charge 7, as said charge was substantially covered by charge 1, which was given. It is also argumentative and misleading. — Kirkwood v. State,8 Ala. App. 102, 62 So. 1011; Hubbard v. State, 10 Ala. App. 47,64 So. 633; Carwile v. State, 148 Ala. 576, 39 So. 220.
(6) Charge 8 refused has been held bad in Brown v. State,150 Ala. 25, 43 So. 194.
(7) Charge 9 refused was held to be erroneous in Sykes v.State, 151 Ala. 81, 44 So. 398. However, this charge was substantially covered in given charges 4, B, C, and 19.
(8, 9) Refused charge 10 was properly refused. The burden is upon the state to prove only that the defendant is guilty beyond a reasonable doubt, and is not upon the prosecution from the beginning to the end. But after a consideration of all the evidence in the case, for the defendant might introduce testimony that would supply an element necessary to convict the defendant. The tendency of this charge would be to have the jury ignore any evidence other than that of the state in arriving at the guilt of the defendant. — Davis v. State,8 Ala. App. 147, 62 So. 1027.
(10) There was no error in refusing charge 11, for the reason that said charge was not predicated upon the evidence in this case. Circumstances not based upon the evidence would not authorize an acquittal, and should not be considered by the jury in its deliberations. — McClain v. State, 182 Ala. 81,62 So. 241; Pate v. State, 94 Ala. 14, 10 So. 665; Thomas v.State, 106 Ala. 22, 17 So. 460.
(11) Charge 12 was properly refused, as the measure of proof required in all criminal cases is a reasonable doubt. — Greenv. State, 168 Ala. 104, 53 So. 284; Kirby v. State, 151 Ala. 66,44 So. 38. *Page 564 
(12, 13) There was no error in refusing charge 13, in that it treats only one phase of the evidence. It is also incomplete, and fails to state a proposition of law, and the meaning does not follow properly. — Bailey v. State, 168 Ala. 4, 53 So. 296,390; N.C. St. L. Ry. v. Blackmon, 7 Ala. App. 535,61 So. 468; Mitchell v. State, 94 Ala. 68, 10 So. 518.
(14) Refused charge, without number or letter, is bad. This identical charge was condemned in Bailey v. State, 168 Ala. 17,53 So. 296, 390; Phillips v. State, 162 Ala. 14, 50 So. 194.
The refusal of charge 14 was without error. — Underwood v.State, 179 Ala. 21, 60 So. 842. This charge is in effect substantially given in charges 3, 4, 6, 18, 31. 45, A, and C.
Charges 15 and 28 (which are identical) were properly refused. — Watts v. State, 177 Ala. 24, 59 So. 270; Davisv. State, 8 Ala. App. 147, 62 So. 1027. This charge, however, was substantially covered by given charge 3.
Refused charge 16 is substantially covered by given charges B and 19.
There was no error in refusing charge 17, as this charge was substantially covered by given charge 30. — Way v. State,155 Ala. 53, 46 So. 273.
(15) Charge 22 is bad, in that it pretermits defendant's belief in his danger. This identical charge was condemned inWatts v. State, 177 Ala. 24, 59 So. 270.
(16) Charge 23 is also bad, and has been condemned inWatts v. State, supra. It pretermits belief in the danger and also duty to retreat if he could have done so safely.
(17) Charge 24 was defective and bad. As written, it was certainly an invasion of the province of the jury, in that it seeks to have the court charge as a fact that the defendant was free from fault in bringing on the difficulty. — Woods v.State, 10 Ala. App. 19, 64 So. 644; Watts v. State, 177 Ala. 28,59 So. 270.
(18) While charge 25 refused to the defendant has been approved as an abstract proposition of law (Brown v. State,118 Ala. 111, 23 So. 81), all charges must be construed in connection with the facts in the particular case; and the court cannot be put in error for refusing this charge when it is considered as applied to the evidence in this case, for the fact of the defendant's having killed the deceased was not a disputed fact resting on circumstances in which the conduct of the defendant *Page 565 
was a matter of consideration, as tending to show his guilt or innocence; but, on the contrary, the killing of the deceased by this defendant was an undisputed fact, admitted by this defendant himself, and the defendant relied for defense entirely on his plea of self-defense. Under this state of the evidence, the charge in question submitted to the jury in substance and effect only the question whether or not the conduct of the defendant upon a reasonable hypothesis was consistent with his having acted in self-defense. The charge as referred to the evidence submitted a question of law to the jury — i. e., whether or not the defendant acted in self-defense; and the court cannot be put in error for refusing such a charge.
There seems to be no objection to be taken to refused charge 26, as it states a correct proposition of law; however, there was no error in its refusal in this instance, for it is not error to refuse instructions substantially covered by instructions given, and it appears that this charge was substantially covered by given charges 1, 3, B, C, 18, 19, and 21.
Refused charge 27 was approved in Brown v. State, 118 Ala. 114,23 So. 81, but there was no error in its refusal, for said charge was substantially covered by given charge 3.
(19) Refused charge 28 has been held in this opinion as not being proper. It is identical with charge 15, and there was no error in its refusal. — Watts v. State, 177 Ala. 24, 59 So. 270.
(20) There is no merit in the contention that it was error to refuse charge 29, for the charge is bad and has been condemned in Phillips v. State, 162 Ala. 14, 50 So. 194; Bailey v.State, 168 Ala. 4, 53 So. 296, 390; Smith v. State, 161 Ala. 94,49 So. 1029.
(21) Charge 32 was faulty, in that it was argumentative and also obscure in meaning. — Watts v. State, 177 Ala. 24,59 So. 270.
(22) Charge 33 was bad. The character of doubt which authorizes an acquittal is a reasonable doubt, and this charge is faulty, in that it omits the word "reasonable" before the word "doubt." — Green v. State, 168 Ala. 104, 53 So. 284;Kirby v. State, 151 Ala. 66, 44 So. 38.
(23) There was no error in refusing charge 34. It is argumentative, and is bad. Facts as brought out by the evidence in the case must govern the jury in its deliberations, and it is their duty to try cases according to the facts, and not according to *Page 566 
whether public peace and good order will be promoted by a conviction or an acquittal.
(24) Charge C was faulty and incomplete, and there was no error in its refusal.
(25) Charge D was argumentative, and was properly refused. It is also misleading, because of the word "circumstances." — Bailey v. State, 168 Ala. 4, 53 So. 296, 390.
(26) Charge 35 is bad, as it omits the word "reasonable" as qualifying the word "doubt." — Green v. State, 168 Ala. 104,53 So. 284; Kirby v. State, 151 Ala. 66, 44 So. 38;Ducett v. State, 186 Ala. 34, 65 So. 351.
Refusal of charge 36 was without error, although a good charge, as it had been substantially covered by given charge A.
(27, 28) Refused charge 40 was bad in that it pretermits: (1) The defendant's bona fide belief that he was in imminent peril; and (2) the duty of defendant to retreat if he could have safely done so. It is objectionable otherwise in that it uses the collective word "self-defense," and fails to define the constituent elements thereof. — Ragsdale v. State, 12 Ala. App. 12,67 So. 783; Plant v. State, 140 Ala. 52, 37 So. 159. A charge incomplete in itself may be properly refused. —Jones v. State, 13 Ala. App. 12, 68 So. 690.
(29) Refused charge 46 is bad. Charges of similar character have been condemned by the courts. This charge also appears to be abstract, there being no evidence in this case showing or tending to show any prejudice or ill feeling upon the part of any witness against the defendant. — Branch v. State, 10 Ala. App. 94,64 So. 507; Jackson v. State, 5 Ala. App. 306,57 So. 594. This charge is substantially a duplicate of given charge 41.
Charge CC is bad, in that it singles out the testimony of the defendant. However, this charge was otherwise properly refused, it having been substantially covered by given charges 2 and 49.
There being no reversible error, the judgment is affirmed.
Affirmed. *Page 567