# Lang *v.* The State.

## *Murder.*

(Decided April 14, 1910.   52 South. 340.)

1. *Homicide; Evidence; Dying Declarations.*—Proof that the deceased was not only conscious but knew that he was going to die, that he was killed and was bound to die, and that the witness to whom he made these statements did not encourage him, but told him he thought he would die, was a sufficient predicate upon which to introduce deceased statements as dying declarations; and this notwithstanding the witness was thereafter contradicted as to the condition of the deceased, and as to the declarations made.

2. *Same; Instructions; Drunkenness.*—In a prosecution for homicide a charge asserting that if defendant was drunk and so or thereby deprived of his self control, and while so drunk, fell or staggered against the door or house and without any purpose on his part caused the gun to explode and thereby kill deceased, this would not make him guilty of murder in the second degree or of manslaughter in the first degree, was involved and confusing, and hence properly refused.

3. *Charge of Court; Covered by Those Given.*—It is not error to refuse written charges covered by written charges given.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Pone Lang was convicted of manslaughter in the first degree, and he appeals.   Affirmed.

The court, at the request of the solicitor, gave the following charges:

"(1) You are the sole judges as to the credibility of the witnesses.   (2) You are the sole judges as to the weight that should be given the testimony.   (3) The defendant is a competent witness in his own behalf, yet in considering his testimony you would be authorized to weigh it in the light of the interest he has in the result of your verdict, together with all the testimony in the case.   (4) It is not a mere doubt that authorizes an acquittal.   The doubt which authorizes an acquittal must be a reasonable doubt."

The following charge was refused to the defendant:

"(S) That the defendant was drunk, and so or thereby deprived of his self-control, and while so drunk fell or staggered against the door, or house, and without purpose on his part caused the gun to explode, and thereby killed the deceased, this would not make him guilty of murder in the second degree, or manslaughter in the first degree."

JOHN A. LUSK, for appellant. The court erred in admitting proof of dying declarations.—*Titus v. The State,* 117 Ala. 16; *Justice v. The State,* 99 Ala. 180; *Young v. The State,* 95 Ala. 5; 1 Mayf. 186; Wharton's Crim. Evi., sec. 286.

ALEXANDER M. GARBER, Attorney General, for the State. A sufficient predicate was shown for the admission of dying declarations.—*Clark v. The State,* 105 Ala. 91. Charge R was properly refused.—*Roberts v. The State,* 68 Ala. 168.

ANDERSON, J.—The witness Clark testified that the deceased was not only conscious, but knew he was going to die, and told him that "he was killed and bound to die." The witness did not encourage him, but told him he thought he would die. We think a sufficient predicate was laid for the admission of the dying declaration.—*Clark v. The State,* 105 Ala. 91, 17 South. 37, and cases cited. It is true, there was evidence, subsequently introduced by the defendant, tending to contradict Clark as to the condition of the deceased, and tending to show that he did not charge the defendant with shooting him, but this did not affect the admissibility of the evidence, but went to its credibility, and which was a question for the jury.

Charge R, refused to the defendant, was covered by given charge B. Indeed, they are exactly alike, except for the use of the word 'case" in one in place of the word "instance" in the other.

Charge, S refused the defendant, if not otherwise bad, was involved and confusing.

There was no error in giving the state's requested charges.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.