# Gilbert *v.* The State.

## *Murder.*

(Decided June 29, 1911.   56 South. 136.)

1. *Criminal Law; Defense; Insanity; General Charge.*—Where the defendant entered a plea of not guilty and not guilty by reason of insanity, and there was evidence sufficient to make it a jury question as to whether or not the defendant was insane at the time of the killing, a charge that if the jury believe the evidence in the case beyond a reasonable doubt, the defendant cannot be acquitted, was improperly given as it concludes against the defendant on both pleas; while it might be justifiable as to the plea of not guilty, the defendant, if not guilty by reason of insanity, was entitled to an acquittal, although not entitled to his liberty, if still insane.

2. *Same; Insanity as Defense; Evidence.*—Where insanity is set up as a defense to crime the prior and subsequent acts and declarations of the defendant are admissible as tending to show his mental condition at the time of the homicide; hence his prior attempt at suicide is admissible.

(McClellan, J. dissents)

APPEAL from Anniston City Court.

Heard before Hon. THOS. W. COLEMAN.

Leo Gilbert was convicted of murder, and sentenced to the penitentiary for life, and he appeals. Reversed and remanded.

The charge given for the state is as follows:   "The court charges the jury that if they believe the evidence in this case beyond a reasonable doubt they cannot acquit the defendant."

P. F. WHORTON, and T. C. SENSABAUGH, for appellant. The court erred in the charge given for the State that if the jury believe the evidence beyond a reasonable doubt they could not acquit the defendant, as such charge concluded the defendant on his plea of not guilty by reason of insanity.—*Parrish v. State,* 139 Ala. 50. On this same authority the court erred in declining to admit the evidence offered by the defendant touching his mental condition.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court did not err in the charges given as a verdict of not guilty is an acquittal, and a verdict of not guilty by reason of insanity is a discharge from the charge but not a discharge from legal custody.—Section 7177, Code 1907. The court was not in error in its rulings on the evidence.—Jones on Evidence, pp. 114, and 148.

ANDERSON, J.—The defendant pleaded "not guilty" and "not guilty by reason of insanity," and offered evidence tending to establish a diseased mind up to and antedating the commission of the offense, and which tended to show insanity whether of a permanent or spasmodic character, though several witnesses testified that his mind was unsound, thus creating an inference that the unsoundness of his mind was permanent in its character. True, there was much evidence on the part of the state going to show that the defendant was sane, notwithstanding the burden was on him to establish his insanity, and that, if he was mentally unbalanced, it was merely spasmodic, and only when under the influence of liquor or drugs, and that he was not insane at the time of the homicide, and if he was not capable of a formed design, at the time of the homicide, his condition

was not due to a disease of the mind, but was temporary, and was produced by the use of drugs or liquor. We might add that the weight of the evidence was against the insanity of the defendant, although he may have been incapable of a formed design at the time of the killing, and if he was not insane at the time of the killing, but was in such a mental condition as to reduce the degree of the offense the law would not hold him guiltless entirely. The trial court, however, should not have given charge 1 requested by the state. It was no doubt justifiable under the plea of not guilty, but there was some evidence from which the jury could infer that the defendant was insane at the time of the killing, and that it was the result of a diseased mind, although he may have been under the influence of liquor or drugs as well, and it matters not how slight or inconclusive this evidence was, it was sufficient to put the question of his sanity vel non to the jury, and if they believed him insane they could acquit him. It is true that section 7177 of the Code of 1907 requires a certain verdict in case the plea of insanity is established, and that it should be "not guilty by reason of insanity," but this verdict operates just as much to acquit the defendant of the charge as if he was found not guilty on the merits, and he can never be thereafter legally punished for the offense, notwithstanding the court has the power, under section 7181, to order him to the hospital if his insanity continues up to and beyond the trial. Whatever may be done with him in the future, if he was insane at the time of the homicide, he was entitled to a verdict of not guilty by reason of insanity, and which operated as an acquittal of the charge against him regardless of what may be done with him in the future, because of his mental condition. The jury could have well inferred from this charge 1, given for the state,

that they could not find the defendant not guilty by reason of insanity or otherwise, notwithstanding they were reasonably satisfied from the evidence that he was insane at the time of the killing. We cannot agree with the contention of the state's counsel, that "not guilty by reason of insanity" is not an acquittal of the charge because the court has the right to order him to the hospital if still insane. A verdict of not guilty is an acquittal of the charge regardless of the reason given for arriving at same. A charge similar to this one was held not to be reversible error in the case of *Rayfield v. State,* 167 Ala. 94, 52 South. 833, notwithstanding there was evidence in support of the plea of insanity, the charge being justified upon the theory that it did not conclude against the defendant on his plea of insanity. Notwithstanding the burden was on the defendant to establish his plea of insanity, if there was sufficient evidence to make this issue one for the jury and they were reasonably satisfied that he was insane, he was entitled to an acquittal, yet the giving of said charge concluded against an acquittal on all the issues. It matters not how the court may have charged the jury on the issue of insanity. When the charge in question was given, it, in effect, precluded the jury from acquitting the defendant notwithstanding they may have been reasonably satisfied that he was insane. The charge was not confined to the plea of not guilty, but instructed against an acquittal generally, and the jury could not have acquitted the defendant, and obeyed the charge, though they may have believed him insane and entitled to a verdict of not guilty, by reason of insanity, and said *Rayfield Case, supra,* is unsound, in so far as it holds that said charge did not conclude against the defendant on his plea of insanity and must be overruled. In the case of *Parrish v. State,* 139 Ala. 16, 51, 36 South. 1012,

1023, after discussing the issues of not guilty and not guilty by reason of insanity, the court, speaking through Tyson, J., said: "Consequently, charges which are applicable and proper in the trial of one of these issues would not be proper or applicable as to the other issue. So, too, the charges should be appropriate and should be limited in their operation and effect to the particular plea or issue to which they are directed. Though charges be correct and proper as to one issue, if not as to the other, they should be refused." If the defendant is not guilty he is entitled to an acquittal; if not guilty by "reason of insanity" he is entitled to an acquittal, notwithstanding he may not be entitled to his liberty if still insane.—*Maxwell v. State,* 89 Ala. 150, 165, 7 South. 824. The result is that a charge instructing the jury that they cannot acquit the defendant concludes him from an acquittal under either or all of the issues, and should never be given where there is sufficient evidence to carry either of said issues to the jury.

As a rule, a defendant charged with an offense cannot introduce his acts or declarations favorable to himself, as this would enable him to make evidence in his own behalf; but to this rule there are exceptions. When insanity is pleaded, the subsequent as well as previous acts or declarations of the defendant are admissible in evidence to show his true mental condition at the time of the homicide.—*Cawley v. State,* 133 Ala. 128, 32 South. 227; *McLean v. State,* 16 Ala. 672; *Gardner v. State,* 96 Ala. 12, 11 South. 402. The trial court erred in not permitting proof of a previous attempt at self-destruction by the defendant as this was relevant evidence to be considered by the jury in determining the mental condition of said defendant.

A discussion of the other questions presented by the record will serve no good purpose, and it is sufficient

to say that, but for the causes above designated, the trial court committed no reversible error.

The judgment of the city court is reversed and the cause is remanded.

Reversed and remanded.

SIMPSON, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. McCLELLAN, J., dissents.