(75 South. 824)

### McMILLAN v. STATE.   (2 Div. 154.)

(Court of Appeals of Alabama.   May 29, 1917. Rehearing Denied June 15, 1917.)

1. CRIMINAL LAW 1115(2)—APPEAL—REVIEW—RULING ON MOTION TO QUASH VENIRE.

Where the record does not disclose that any evidence was offered in support of defendant's motion to quash the venire because a copy of the indictment had not been served on him, and because a list of all the jurors summoned for the week and those drawn as special jurors, with a copy of the indictment, was not served, or in support of his objection to trial on the overruling of the motion, the Court of Appeals will not review the trial court's ruling.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2927.]

2. HOMICIDE ☞203(4) — EVIDENCE — DYING DECLARATIONS—PREDICATE.

In a prosecution for murder, evidence that decedent was shot in the breast, that when those to whom he called for help found him he was down on the ground "scrambling around," and that when a physician examined decedent, shortly after he was shot, and about three hours before he died, he told decedent he was dying, and that decedent stated he never felt that way before, and thought he was going to die, was a sufficient predicate for dying declarations, made at the time.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 433, 434.]

3. CRIMINAL LAW ☞396(1)—EVIDENCE—REBUTTAL.

In a prosecution for murder, defendant having testified that deceased had a pistol and had on his jumper, and that deceased attacked him with the pistol, rebuttal testimony that deceased, at the time of the fatal difficulty, was in his shirt sleeves, and that the witness did not see a pistol on him, was admissible.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 861.]

4. HOMICIDE ☞118(3) — SELF-DEFENSE — STANDING GROUND.

Unless a man is free from fault, he cannot stand his ground and kill when attacked, even if he is in his place of business or in his castle.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 170.]

5. CRIMINAL LAW ☞789(8) — DEGREE OF PROOF—INSTRUCTION.

A charge instructing that, before the jury can convict, they must believe defendant guilty to a moral certainty, is bad.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1846–1849, 1913, 1960, 1967.]

6. HOMICIDE ☞300(13) — INSTRUCTIONS — SELF-DEFENSE—IGNORING ISSUE.

Requested instructions on self-defense were properly refused, where they ignored defendant's freedom from fault in bringing on the difficulty.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 628.]

Appeal from Circuit Court, Sumter County; A. S. Vandegraaf, Judge.

Simon McMillan was convicted of murder in the second degree, and he appeals. Affirmed.

Thomas F. Seale, of Livingston, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] The defendant made a motion to quash the venire because a copy of the indictment had not been served on him as provided by law and because a list of all the jurors summoned for the week and those drawn as special jurors, with a copy of the indictment, were not forthwith served on defendant as provided by law; and upon the overruling of this motion the defendant objected to being put upon trial, assigning the same grounds as are set out in the motion. The record nowhere discloses that any evidence was offered in support of either motion or objection. Where such is the fact, this court will not review the court's ruling.

---

Reynolds v. State, 1 Ala. App. 24, 55 South. 1016.

[2, 3] Upon the trial Dr. Hale, a witness for the state, testified that, as a physician, he examined the deceased shortly after he was shot and about three hours before he died; that at the time he examined him witness told deceased he was dying; that deceased then said he never felt that way before and thought he was going to die. The witness then, over objection of the defendant, was permitted to testify to the dying declaration of the deceased made at that time. It was also shown that the deceased was shot in the breast, about two inches below the left nipple, and when those to whom he called for help found him he was down on the ground "scrambling" around. This was a sufficient predicate, and the court did not err in admitting the testimony. Lang v. State, 166 Ala. 22, 52 South. 340. It was competent for the state to show in rebuttal by the witness Jesse Ward that the deceased at the time of the fatal difficulty was in his shirt sleeves, and that that witness did not see a pistol on him; the defendant having testified that deceased had a pistol and had on his jumper, and that deceased attacked him with a pistol. This was clearly in rebuttal and admissible. Cross v. State, 147 Ala. 125, 41 South. 875.

[4, 5] The evidence showed that the defendant was the superintendent of the night force in the boiler room of a lumber company and that the deceased was working under him. There was evidence tending to show that deceased had not been doing his work in a manner acceptable to defendant, and that defendant cursed deceased or cursed at him, and told him to leave; that defendant went into the engine room and came back; that deceased did leave the boiler room and defendant went out the same door after him, the defendant claiming to be going about his duties; and that he was then attacked by deceased. The court in its general charge said:

"If you believe that the defendant entered willingly into this difficulty, that he did not retreat, and armed himself and went out to renew the difficulty—entered into it willingly—then he is guilty of some offense."

This charge is free from error, when taken in connection with the rest of the charge. Unless a man is free from fault, he cannot stand his ground and kill, even if he is in his place of business or in his castle. Maxwell v. State, 129 Ala. 48, 29 South. 981. A charge, which instructs the jury that before they can convict the defendant they must believe him guilty to a moral certainty, is bad. Sykes v. State, 151 Ala. 80, 44 South. 398.

[6] The other charges asked were properly refused, as they ignored the defendant's freedom from fault in bringing on the difficulty. Maxwell v. State, 129 Ala. 48, 29 South. 981.

The evidence in the case was sufficient to justify the judgment of conviction; and, for the reasons above given, the motion for a new trial was properly overruled. There is no error in the record, and the judgment is affirmed.

Affirmed.