(78 South. 916)

RUSSELL v. STATE. (8 Div. 62.)

(Supreme Court of Alabama. April 18, 1918.)

1. JURY ⟨⟩110(1)—CHALLENGE OF JURORS—WAIVER.

The state's right to challenge under Code 1907, § 7278, because the juror had a fixed opinion against capital or penitentiary punishment, may be waived, but waiver as to part of the jurors is not waiver as to the others.

2. HOMICIDE ⟨⟩179—INSANITY—EVIDENCE.

In murder case, where insanity was a defense, and there was some proof tending to show defendant was insane, it was error not to allow him to show that his granduncle and a cousin had been committed to the insane asylum.

3. CRIMINAL LAW ⟨⟩401—BEST AND SECONDARY EVIDENCE—COLLATERAL ISSUES.

In murder case, where insanity was a defense, probate records showing insanity of blood relations should have been admitted, although not the best evidence, because their insanity was collateral and the facts offered were at least prima facie evidence that they were insane.

4. HOMICIDE ⟨⟩179—INSANITY—SCOPE OF EXAMINATION.

Where insanity is a defense, much latitude is given both to the state and defendant as to

acts, condition, and conduct, not only at the time of the offense, but prior and subsequent thereto.

**5. CRIMINAL LAW ☞439—EVIDENCE—STANDARD BOOKS—INSANITY.**

Where insanity is a defense, extracts from standard works may be read to the jury.

**6. HOMICIDE ☞294(1)—INSANITY—INSTRUCTIONS.**

Where insanity was a defense, instructing that an insane person who has lucid intervals is guilty if he committed the offense at a time when he understood and knew that he was committing the crime, and that a person having lucid intervals is not presumed to continue insane, was not error.

**7. CRIMINAL LAW ☞1171(1)—HARMLESS ERROR—IMPROPER ARGUMENT.**

Refusal to exclude statement by state's counsel in argument, defense being insanity, that if defendant is sent to the asylum another doctor might give a different opinion and have him discharged from the asylum and turned loose on the neighborhood, was not reversible error.

**8. HOMICIDE ☞294(1)—REQUESTED INSTRUCTIONS—INSANITY.**

It was error to refuse to charge that, if the jury upon considering all the evidence have a reasonable doubt of defendant's guilt arising out of any part of the evidence, they must find defendant not guilty, although there was a plea of insanity.

**9. CRIMINAL LAW ☞798(1)—INSTRUCTIONS—REASONABLE DOUBT OF JUROR—INSANITY.**

It was error to refuse to charge that the evidence must be so strong as to convince each juror of guilt beyond a reasonable doubt, and if any single juror has a reasonable doubt of guilt defendant cannot be convicted.

**10. CRIMINAL LAW ☞1088(11)—MATTERS REVIEWABLE—INSTRUCTIONS.**

Although charges appear only in the bill of exceptions, and not in the record proper as required by Acts 1915, p. 815, they will be reviewed on appeal.

Appeal from Circuit Court, Morgan County; Thomas W. Wert, Judge.

William D. Russell was convicted of murder, and he appeals. Reversed and remanded.

It appears that at the trial three jurors answered they had a fixed opinion against capital or penitentiary punishment, and the state waived cause for challenge, and the jurors were put upon venire to try defendant. Two other jurors being asked the same question answered in the affirmative, and the state challenged them for cause, and their names were not put upon the venire. Defendant excepted, insisting the state should be required to challenge each and every one so answering, or that it be required to waive all challenges of a similar character. The following is the excerpt from the oral charge of the court excepted to by defendant:

Gentlemen of the jury, a man might be what people sometimes consider insane, and yet be legally responsible for the acts he commits. If a man has lucid intervals, and if that man during his lucid intervals commits a crime, and he knew that he was committing a crime, and knew the conditions surrounding him, and that he would be legally responsible, and his mind was not destroyed at that time that he had the lucid intervals, then, gentlemen of the jury, he can be held legally responsible for his acts, even though at other times he may be what is termed an insane person, or a person of unsound mind. Now, gentlemen, it is not true that if a man is insane at one time he is presumed to continue insane, provided that he has lucid intervals, but if a person's insanity has been established as being of a permanent nature, then, gentlemen, this presumption of that condition continues until it is overcome by evidence in the case, and in that case the jury is to determine.

In his argument to the jury, state's counsel said:

"Defendant's counsel argues that he should be sent to the asylum. Send defendant to the asylum and then let a few doctors come along, and in a few months or few years, and give another opinion, and have him discharged from the asylum and turned loose on this neighborhood."

The following charges were refused to defendant:

(44) If the jury, upon considering all the evidence, have a reasonable doubt of defendant's guilt arising out of any part of the evidence, they must find defendant not guilty.

(46) Same as 44.

(54) The court charges the jury that before they can convict defendant the evidence must be so strong as to convince each juror of his guilt, beyond a reasonable doubt, and if after considering all the evidence a single juror has a reasonable doubt of defendant's guilt, arising out of any part of the evidence, they cannot convict him.

R. E. Smith, of Huntsville, and John R. Sample, of Hartsells, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen. (Callahan & Harris, of Decatur, of counsel), for the State.

ANDERSON, C. J. [1] The right to challenge, under section 7278 of the Code of 1907, because the juror has a fixed opinion against capital or penitentiary punishment is available only to the state, and it can either exercise or waive this right. Wesley v. State, 61 Ala. 282; Harrison v. State, 79 Ala. 29; Thayer v. State, 138 Ala. 49, 35 South. 406.

[2, 3] When the sanity of the person is being investigated and determined, and there is other proof tending to establish the mental incapacity of said person, it is competent to show in connection therewith the insanity of his ancestors or other blood relatives. Wear v. Wear, 76 South. 111;[1] 7 Ency. of Ev. 453, 454; 22 Cyc. pp. 1117, 1118. The trial court erred in not letting the defendant prove by the probate records that his granduncle had been declared a non compos mentis and had a legal guardian, and also that his cousin Mrs. Draper had been committed to the insane asylum and died while an inmate of said institution. 14 R. C. L. § 73, p. 621. True, the relationship was rather remote, but they were blood relatives of the defendant, and the remoteness merely affected the weight and probative force of the evidence and not its competency. "It seems that such evidence is admissible in all cases, being of more or less weight according to the degree of relation-

ship." 14 R. C. L. § 70, p. 619. Nor can it be held that the defendant got the benefit of this proof in other respects. The trial court seems to have denied him all chance to show the insanity of Mrs. Draper, and while one witness at one time was permitted to prove that he considered the uncle 'as a person of unsound mind, most of the facts upon which this opinion was based were excluded. The record, produced by the witness Skeggs, may not have been the best evidence or conclusive as to the mental condition of the uncle W. C. Russell and the cousin Mrs. Draper, or binding upon them or their privies in estate, but their insanity in the present case was collateral and the facts offered were at least prima facie evidence that they were insane, in a proceeding which neither affected them nor their estate. 14 R. C. L. § 73, p. 621. The evidence offered here was more specific than that considered in the case of James v. State, 193 Ala. 55, 69 South. 569.

The recent case of Todd v. Ward, 77 South. 731,[2] involved an inquisition of lunacy subsequent to the transaction involved, and like the case of Frederic v. Wilkins, 182 Ala. 343, 62 South. 518, cited and followed, involved a direct inquiry into the mental condition of the person involved in the inquisition; but here the insanity of the uncle and cousin in the case at bar was collaterally involved as an evidential fact bearing upon the sanity of another who was undergoing investigation.

[4] Upon the trial of the issue of insanity much latitude is given both the state and defendant as to his acts, condition, and conduct, not only at the time of the offense, but prior and subsequent thereto. McAllister v. State, 17 Ala. 434, 52 Am. Dec. 180; McCurry v. Hooper, 12 Ala. 823, 46 Am. Dec. 280. We do not think that the trial court committed reversible error otherwise than as above noted in ruling upon the evidence.

[5] The books from which extracts were read to the jury are standard works, and the trial court did not err in permitting them introduced and read to the jury. Stoudenmeier v. Williamson, 29 Ala. 558; Bales v. State, 63 Ala. 30; Adler v. State, 55 Ala. 23.

[6] The oral charge as excepted to by the defendant was free from reversible error. Pritchard v. Fowler, 171 Ala. 662, 55 South. 147.

[7] We do not think that reversible error can be predicated upon the refusal of the trial court to exclude so much of the argument of counsel as was excepted to by the defendant.

[8] Charges 44 and 46, refused the defendant, assert a correct proposition, and should have been given. Turner v. State, 124 Ala. 59, 27 South. 272; Hunt v. State, 135 Ala. 1, 33 South. 329.

[9] The trial court also erred in refusing the defendant's requested charge 54. Green

v. State, 168 Ala. 104, 53 South. 284; Hale v. State, 122 Ala. 85, 26 South. 236; Phillips v. State, 156 Ala. 144, 47 South. 245. The refusal of said charges cannot be justified upon the idea that there was also a plea of not guilty by reason of insanity. Gilbert v. State, 172 Ala. 386, 56 South. 136; Odom v. State, 172 Ala. 383, 55 South. 820. Nor can the refusal of same be justified because covered by the oral charge or charges given for the defendant, as such was not the case. The other charges refused the defendant were either faulty or covered by the given charges or the oral charge of the court.

[10] It is true, as suggested in brief for the state, that the charges appear only in the bill of exceptions, and not in the record proper as required by the act of 1915, p. 815, but this court held in the case of Mobile Light Co. v. Thomas, 78 South. 399,[3] that, while they should more properly appear in the record than in the bill of exceptions, they will be reviewed if presented either way. The writer was not in accord with this holding and dissented in said case, but the question was there settled, and a further dissent can serve no good purpose.

The judgment of the law and equity court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.