(86 South. 71)

**FONDREN v. STATE. (8 Div. 231.)**

(Supreme Court of Alabama. June 3, 1920. Rehearing Denied June 30, 1920.)

**1. Homicide ⟐294(1) — Charge on insanity properly refused as misleading.**

Where defendant who pleaded not guilty by reason of insanity requested a charge that "if the jury find from the evidence that defendant killed deceased in an insane condition, caused by disease of the mind," etc., he should be acquitted, it was properly refused, being open to the criticism that the insane condition referred to deceased rather than defendant.

**2. Homicide ⟐294(1) — Instruction pretermitting element that insanity must be the sole cause of a crime properly refused.**

A requested charge seeking to present the rule applicable to one who, though insane, is capable of perceiving the differences between right and wrong, yet is laboring under the disease to such an extent as to destroy his power of choice, which directed the jury to acquit if defendant killed by reason of an insane condition, caused by disease of the mind, which deprived him of the power to resist the impulse to do the act, was properly refused because pretermitting the essential element that the mental disease must be the sole cause of the act.

**3. Criminal law ⟐465 — Nonexpert witness as to insanity cannot give his opinion before detailing the facts.**

Where defendant's father was offered as a nonexpert witness that defendant was insane, a question whether he deemed defendant sane or insane was properly excluded, where the witness had not yet detailed the facts and circumstances on which he based his opinion.

**4. Witnesses ⟐350 — Cross-examination as to penitentiary sentence proper.**

It was permissible for the state to ask defendant's witness, for the purpose of impeachment, whether he had served a term in the penitentiary.

**5. Criminal law ⟐466 — Witnesses ⟐329 — Cross-examination as to whether witness informed draft officers of his son's insanity permissible to test reliability.**

It is permissible on cross-examination, for the purpose of testing the memory and sincerity of a witness, to interrogate him about matters wholly irrelevant to the issues of the case; so it was proper in a homicide case, where defendant's father testified defendant was insane, to interrogate the witness as to whether he informed the draft officers, etc., of defendant's insanity.

**6. Criminal law ⟐1153(4) — Scope of cross-examination rests in discretion of trial court.**

The latitude of the cross-examination of a witness as to irrelevant matters for the purpose of testing his sincerity and credibility rests largely in the discretion of the trial court, which discretion will not be reviewed unless an abuse appears.

**7. Criminal law ⟐479 — Physician competent to testify as to defendant's insanity.**

A physician of many years' experience, who had practiced in the family of defendant and had known the family all his life, though he had no special experience with mental or nervous diseases, was properly allowed to give his opinion as to whether defendant who pleaded not guilty by reason of insanity could distinguish right from wrong.

**8. Criminal law ⟐419, 420(10) — Communications from third persons as to defendant's insanity excluded as hearsay.**

Where defendant relied on insanity, alleged communications from officers at a military hospital, where it was claimed defendant was treated, were properly excluded as hearsay.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Criminal law ☞1033(2)—Failure to prove venue no ground of objection where not raised below.**

Where the failure of the state to prove the venue was not raised below, the matter will not be considered in the appellate court.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Oscar Fondren was indicted for murder in the first degree, convicted of murder in the second degree, and he appeals. Affirmed.

The defendant was charged with killing one Albert Patterson. The evidence tended to show that about 5 o'clock one afternoon defendant rode up to deceased's house, stopped under a tree, and' deceased came out to where he was. It was raining hard, and after a few minutes deceased and defendant went to the barn to put up defendant's horse, and after they had entered the barn five shots were heard and deceased was found there dead. After the shooting defendant came into the house and beat the wife and sister of the deceased into insensibility, and the house was found in a tumbled condition, with trunks and drawers open and money missing. The father of the defendant was asked a question, set out in the opinion: "Do you think you know whether your son is sane or insane?" The father was asked if while his boy was away in the army he ever told him what hospital he was in, how many he was in, and what he was in for. The court sustained objection to this question. He was also asked if he had been informed by the officers of the War Department that his son had been confined in some department for the insane prior to the homicide. The state also showed by the witness, over the objection of the defendant, that the father had not made complaint to the local draft board concerning his son's condition. Dr. E. R. Smith testified that he was a practicing physician of 45 years' experience, had practiced in the family òf the defendant, and had known the family practically all of his life; that he had had no special experience with mental or nervous diseases, but had just been engaged in the ordinary run of practice. The court permitted him to answer the question if he thought the defendant knew· right from wrong, and he answered that he did, and he thought defendant could choose the right from wrong.

Milo Moody, of Scottsboro, for appellant.

The court erred in refusing the charge requested. 81 Ala. 577, 2 South. 854, 60 Am. Rep. 193; 16 C. J. 102. The father was competent to testify as a nonexpert. 139 Ala. 16, 36 South. 1012; 16 C. J. 525. The fact that the father had been to the penitentiary was not competent. 140 Ala. 29, 36 South. 1009. Dr. Smith was not qualified as an expert. 81 Ala. 577, 2 South. 854, 60 Am. Rep. 193; 139 Ala. 16, 36 South. 1012.

Counsel discusses other assignments of error relative to the admission and rejection of evidence, and in support thereof cites 16 C. J. 525.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court properly sustained objections to the question propounded to the father of the deceased. Russell v. State, 87 South. 221, and cases there cited. Counsel discuss other assignments of error, but without further citation of authority.

BROWN, J. If the appellant committed the homicide for which he was tried and convicted, and of this fact under the evidence there is little, if any, room for doubt and was at the time legally responsible, he was guilty of a most dastardly and heinous murder.

[1, 2] The litigated issues arose under his plea of "not guilty by reason of insanity," and much evidence was offered tending to sustain this plea. On the evidence, as offered, he requested the court in writing to give the following instruction:

"If the jury find from the evidence that the defendant killed deceased while in an insane condition, caused by disease of the mind, which disease deprived him of the power to resist the impulse to do the act, then he would not be guilty by reason of insanity."

As worded, the charge is open to the criticism that the "insane condition" referred to the deceased rather than the defendant, and as thus written, if not otherwise faulty, was not such a clear exposition of the law as that the court was bound to give it. The charge, however, undertakes to state the rule as applicable to one who, though insane, is capable of perceiving the difference between right and wrong, yet is laboring under the duress of the disease to such extent as to destroy his power to choose the right and abstain from the wrong, and pretermits the essential element that the disease of the brain must be the sole cause, and the crime the direct product or effect of such disease. Parsons v. State, 81· Ala. 577, 596, 597, 2 South. 854.

[3] The witness W. W. Fondren was offered as a nonexpert to show the defendant ,was insane, and before he was examined as to the facts and circumstances upon which he based his opinion was asked, "Do you think you know whether your son is sane or insane?" The objection to the question was properly sustained. Parsons v. State, supra; Russell v. State (App.) 87 South. 221; Ford v. State, 71 Ala. 385; Caddell v. State, 129 Ala. 57, 30 South. 76.

---

[4] It was permissible for the state to ask the witness Fondren if he had not served a term in the penitentiary. Moore v. State, 12 Ala. App. 243, 67 South. 789.

[5-8] It is permissible on cross-examination, for the purpose of testing the memory, sincerity, etc., of the witness, to interrogate him about matters wholly irrelevant to the issues in the case, and the latitude of such examination rests largely in the discretion of the court, and if such discretion is not abused it will not be reviewed on appeal. Cox v. State, 162 Ala. 66, 50 South. 398. The questions of the solicitor propounded to the witness W. W. Fondren as to whether or not he had informed the draft officers, or local board, of his son's condition when he was drafted into the army were of this class. The testimony of Dr. Smith showed that he was competent to give his opinion as to the sanity or insanity of the defendant, and the court did not err in allowing him to testify. The communications from the officers at a military hospital fall within the category of hearsay, and were not admissible.

[9] The failure of the state to prove the venue was not raised in the trial court. Watts v. State, ante, p. 372, 86 South. 70.

Finding no error in the record, the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.