(93 South. 531)

### UMBLE v. STATE.  (6 Div. 399.)

(Supreme Court of Alabama.  April 13, 1922. Rehearing Denied May 11, 1922.)

**1. Jury ⚖️70(8) — Refusal of judge to draw regular jurors under special venire held error.**

That the judge in a murder case declined to draw from the jury box names designated for service as regular jurors for the week of the trial, as well as names for a special venire, as required by the jury law (Acts 1909, p. 305, as amended by Acts 1919, p. 1039), *held* error, notwithstanding Gen. Acts 1919, p. 1042, § 32, providing that one jury shall be sufficient for trial of all cases set for the same day, since a special venire for the trial of a capital case should be composed of regular jurors and of special jurors.

**2. Statutes ⚖️228—Proviso strictly construed.**

Provisos are strictly construed, with respect to their effect to modify or qualify comprehensive terms in a statute.

**3. Jury ⚖️82(2)—Irregular drawing of special jury in capital case held not prejudicial error.**

Where, in a murder case, the trial judge refused to draw regular jurors, as well as special

jurors, as required by the jury law, but, instead, drew 100 names with which to supply the venire of 90 special jurors, the error did not operate to defendant's prejudice; the names being drawn from the same jury box in any case.

**4. Jury ⚖️82(2)—Drawing excessive number for special venire held not prejudicial to defendant.**

That the court in a murder case drew 100 names from the jury box from which to supply a special venire fixed by order at 90, *held* not to prejudice defendant.

**5. Criminal law ⚖️829(6)—Refusal of instructions covered not error.**

Where instructions requested on the question of insanity are sufficiently covered by special instructions given, as well as by the court's oral charge, their refusal is not error, in view of Gen. Acts 1915, p. 815.

**6. Criminal law ⚖️782(14) — Instruction as proof of insanity held properly refused.**

Since in a murder case the burden of proof under the plea of not guilty is on the prosecution to establish guilt beyond a reasonable doubt, whereas on a plea of insanity in such a case the burden is on defendant to support it to the reasonable satisfaction of the jury, an instruction in a prosecution for murder, where such defense was presented, failing to make the distinction, was properly refused.

**7. Criminal law ⚖️811(4)—Instructions on issue of insanity properly refused as emphasizing evidence.**

In a prosecution for murder, wherein the defense of insanity was interposed, a requested instruction, making particular reference to the fact that defendant shot his sister-in-law as well as himself on the occasion he killed his wife, and that the jury might consider such acts on the issue of insanity, *held* properly refused, as emphasizing evidence.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Johnsie Umble was convicted of murder in the first degree, and he appeals. Affirmed.

Roderick Beddow and Ben. F. Ray, both of Birmingham, and G. H. Bumgardner, of Bessemer, for appellant.

The method used in selecting this jury was not in accordance with the law governing the drawing and summoning of the venires in capital cases, and should work a reversal. Acts 1909, p. 305; Acts 1919, p. 1039; 17 Ala. App. 376, 84 South. 861; 10 Ala. App. 57, 65 South. 304; 16 Ala. App. 303, 77 South. 453; 204 Ala. 474, 85 South. 787; 204 Ala. 476, 85 South. 817; 205 Ala. 160, 87 South. 179. The court erred in refusing to give, at defendant's request, the following charge: "I charge you that, if one member of this jury is not convinced beyond all reasonable doubt that the defendant is guilty, then you cannot convict the defendant." 201 Ala. 572,

───────────────────────────────────────

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

78 South. 916. The following charges were erroneously refused to defendant: (10) "The court charges you that, in arriving at your conclusion as to the mental condition of the defendant at the time of the shooting, you may take into consideration the fact that the defendant shot at his own sister." (11) "The court charges you that, in arriving at your conclusion as to the mental condition of the defendant at the time of the shooting, you may take into consideration the fact that the defendant made numerous shots there on that occasion." 14 R. C. L. 616.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no reversible error committed by the court in drawing the venire in this case. 18 Ala. App. 92, 89 South. 391. There was no error in refusing charges for defendant denominated 10 and 11. 81 Ala. 577, 2 South. 854, 60 Am. Rep. 193; 184 Ala. 16, 63 South. 1002; 204 Ala. 451, 86 South. 71.

McCLELLAN, J. [1] The defendant, appellant, has been adjudged guilty of murder in the first degree, and sentenced to life imprisonment. The victim was his wife. On the occasion of the homicide defendant also shot and killed his sister-in-law, and then seriously, intentionally, wounded himself. Besides a denial of guilt, defendant's insanity was set up. The shooting of the wife was admitted by defendant. The issue really litigated was that presented by the plea of insanity. The court submitted this issue to the jury. The insistence for error to reverse is based upon the action of the trial court in overruling motion to quash the venire, on rulings touching the admission of testimony, and on the refusal of defendant's request for instructions. It is insisted that the venire should have been quashed because the court did not draw any "regular venire" for the week during which defendant's trial was set and had. In Whittle v. State, 205 Ala. 639, 642, 89 South. 43, it was held that a special venire for the trial of a capital case should be composed of two "different" elements, viz.: (a) The "regular juries" drawn for the week the capital case is set; and (b) the special jurors drawn to afford the number for the special venire fixed in the order of the court. In declining, expressly, to draw any names of persons to serve as regular jurors for the week beginning January 24, 1921, the trial court was in error, thereby omitting the designation of one of the elements the law contemplates should contribute to constitute a "special venire" in capital cases. It is insisted by the state that the last clause in section 32 of the amendatory act approved September 29, 1919 (Gen. Acts 1919, p. 1042), justified the court's declination to create "regular juries" for the week beginning January 24, 1921. This clause reads:

"Provided further, that whenever the judge of any court trying capital felonies shall deem it proper to set two or more capital cases for trial on the same day, said judge may draw and have summoned one jury or one venire facias or petit jurors for the trial of all such cases so set for trial on the same day."

[2] This proviso does not support the state's contention. As a general rule—from which the terms of the act do not exclude this proviso—provisos are strictly construed with respect to their effect to modify or to qualify comprehensive terms in the enactment. Ex parte Lusk, 82 Ala. 519, 522, 823, 2 South. 140. This proviso intended to create an exception in the particular circumstance stipulated, viz. where more than one capital case is set for "the same day." Its effect is to remove the necessity otherwise to draw a special venire for each capital case set for trial "on the same day." Stewart v. State (Ala. App.) 89 South. 391,[1] appears not to have advisedly decided the question now under consideration. The certiorari by the state to this court did not present the question.

[3, 4] But this error did not operate to the prejudice of the defendant. Contrary to appellant's contention that the order of the court was affected by uncertainty in respect of the number that should constitute the special venire, the order fixed 90 as the number which should constitute the special venire for the trial of this defendant and several others capitally charged, though it also appears that the court drew 100 names from the jury box from which to supply the venire of 90 stated in the order. The drawing of the excess (within the maximum limit of the court's discretion) above the number stated in the order did not prejudicially affect the defendant's rights in the premises. Walker v. State, 204 Ala. 474, 85 South. 787; Tyler v. State (Ala. Sup.) 92 South. 478.[2] Under the jury law (Acts 1909 [Sp. Sess.] p. 305 et seq.; Acts 1919, pp. 525, 1039), the trial court's particular fault in this instance lay in its declination to draw (from the same jury box from which the present venire was drawn) names designated for service as "regular jurors." The error was no greater than its omission, viz. to constitute "regular juries," which, when created, may form a part of special venires to try capital cases. Whittle's Case, supra. Under the jury law, the same authority draws from the same jury box both the regular veniremen and the special veniremen to constitute a special venire. The failure initially to entertain the purpose to draw on that occasion, and to designate the summoning of a certain number for service as "regular jurors," could not have produced the listing of different persons

---

[1] 18 Ala. App. 92.  [2] Ante, p. 129.

from those drawn from the same box in the process of taking from the jury box the number necessary to conform to the court's order. It, therefore, results that no prejudice to defendant attended the court's declination to constitute "regular juries" for the week defendant was tried. In caution, it should be noted that the 1919 amendment to the jury law removed the necessity to include in special venires only regular jurors drawn and summoned for the week. The motion to quash was overruled without error.

The court has considered seriatim the rulings made during the examination of witnesses to which counsel for appellant refer in the brief. None of them possesses merit. The colloquy engaged in by the respective counsel involved the court in no error.

[5] The remaining matters of review pertain to refusal of defendant's requests for instructions. No exception appears to have been taken to the oral charge of the court. In its feature treating insanity as a defense to crime, the oral instruction of the jury was in accord with the rule of the Parsons Case, 81 Ala. 577, 2 South. 854, 60 Am. Rep. 193, recently reaffirmed in material aspects in Fondren's Case, 204 Ala. 451, 452, 86 South. 71. Several of the greater number of the defendant's special requests for instruction on the subject of insanity did not conform to the rule of the Parsons Case, supra, in the particular that their hypotheses did not predicate their conclusion upon a diseased condition of the mind. Fondren's Case, supra. Others on this subject were efficiently covered by special instructions given at defendant's instance, as well as by the oral charge of the court, and hence no error resulted from their refusal. Gen. Acts 1915, p. 815.

The defendant requested this instruction:

"I charge you that if one member of this jury who is not convinced beyond all reasonable doubt that the defendant is guilty, then you cannot convict the defendant."

[6] The appellant's argument for error in refusing this request is based on Russell v. State, 201 Ala. 572, 574, 78 South. 916, treating refused request numbered 54. Besides being confusedly phrased through the use of the word "who," this request is not identical in terms with refused charge 54, considered in the Russell Case, supra. The request there considered referred the single juror's reasonable doubt of the defendant's guilt to a consideration of all the evidence wherein his insanity was asserted, an element of reference to a consideration of the evidence that was omitted from the charge under review. The importance of such reference to the construction of a proper charge in a case where "not guilty" and "not guilty by reason of insanity" are interposed is made clear when it is considered that the burden of proof under the plea of "not guilty" is on the prosecution to establish guilt beyond a reasonable doubt; whereas, under the plea of "insanity," the burden of proof is on the defendant to support it to the reasonable satisfaction, etc., of the jury; from which it results that instructions to juries pertinent to one of these issues would be inappropriate to the other, as was held in Parrish's Case, 139 Ala. 16, 50, 51, 36 South. 1012, and reproduced in Gilbert's Case, 172 Ala. 386, 390, 56 South. 136. The request under consideration is affected with the fault consequent upon a failure to take due account of the material difference in the issues litigated upon the pleas stated. It is not necessary to present decision that discriminative consideration should be now given to the cases cited in Russell's Case, 201 Ala. 574, 78 South. 916. The court did not err in refusing the quoted request.

[7] The defendant was refused special requests for instruction that, making particular reference to the fact that defendant shot his sister-in-law as well as himself on the occasion he killed his wife, advised the jury that in arriving at their conclusion upon the issue of insanity they might consider distinctive acts of the defendant. These requests were properly refused because they noted and emphasized particular features of the evidence. Moreover, though in general terms, these requests were substantially covered by special charges given at defendant's instance.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

## On Rehearing.

McCLELLAN, J. The order fixed the number of the special venire at 90. Sixteen of the special venire were returned by the sheriff as "not found." Ten of the special venire were excused. Nine failed to appear on the day set for the trial. The act approved September 29, 1919 (thereby amended), section 32 (Acts 1919, p. 1042), provides that if "any juror summoned fail or refuse to attend trial," or "if the sheriff fails to summon any of the jurors drawn," these matters shall not justify the quashal of the venire or the continuance of the case."

Rehearing overruled.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.