(96 South. 412)

### RIKARD v. STATE.    (8 Div. 460.)

(Supreme Court of Alabama. April 5, 1923. On Rehearing, May 17, 1923.)

**1. Criminal law &#8685;1166(1) — Defendant not misled by jury list bearing another's name instead of his.**

In a prosecution for murder where the jury list served on defendant contained the venire to try his case and conformed to the statute, the fact that it contained thereon the name of another who stood indicted for a capital offense, instead of defendant's, *held* not to be misleading or prejudicial.

**2. Witnesses &#8685;383—Predicate to impeach witness inadmissible as to matter irrelevant at time questions were asked.**

In a prosecution for murder where the attempted predicate to impeach a state witness as to statements made to others was irrelevant and improper at the time the questions were asked, there was no error in sustaining objections thereto.

**3. Criminal law &#8685;680(1)—Sustaining objections to matters irrelevant at that stage of trial held proper.**

In a prosecution for murder, there was no error in sustaining the state's objection to defendant's question seeking information as to whether deceased was on bad terms with defendant's father; such evidence being irrelevant and immaterial at that stage of the trial.

**4. Criminal law &#8685;789(17)—Refusing charge pretermitting reasonable doubt arising on consideration of evidence not error.**

In a prosecution for murder, there was no error in refusing an instruction pretermitting a reasonable doubt arising out of or on a consideration of the evidence.

**5. Criminal law &#8685;789(17)—Refusing charge pretermitting reasonable doubt arising out of consideration of evidence not error.**

In a prosecution for murder, it was not error to refuse a charge that if you have a reasonable doubt as to whether defendant was insane at the time he killed deceased to find him not guilty; such charge pretermitting a reasonable doubt arising out of a consideration of the evidence.

**6. Criminal law &#8685;789(15)—Refusal of charge using reasonable "supposition" for "doubt" not error.**

In a prosecution for murder, refusal of a charge that if there be a reasonable supposition that defendant was insane at the time of the alleged crime to find him not guilty was not error; "supposition" having no place in charges as to reasonable doubt.

**7. Criminal law &#8685;811(1)—Refusing charges singling out evidence not error.**

No error arises from the refusal of a charge which singles out one feature of the evidence.

Appeal from Circuit Court, Colbert County; Charles P. Almon, Judge.

Tillman Rikard was convicted of murder in the second degree, and he appeals. Affirmed.

Charges E, B, G, and H, refused to defendant, are as follows:

"E. If you have a reasonable doubt as to whether defendant acted in self-defense as I explained self-defense to you, then your verdict will be not guilty."

"B. If you have a reasonable doubt as to whether the defendant was insane at the time he killed Norton, your verdict should be not guilty."

The court refused to give said charge and indorsed on it these words:

"Refused, because it does not refer the acquittal to the plea of not guilty because of insanity."

"G. If there be a reasonable supposition that defendant was insane at the time he shot Norton, your verdict should be not guilty.

"H. If defendant went down to the gate to talk to Norton and not to provoke the difficulty, then he cannot be said to have brought on the difficulty by simply going down to the gate."

A. H. Carmichael, of Tuscumbia, for appellant.

It was error to permit evidence of the conduct of Oscar Rikard long after the killing.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The fact that the identical list of jurors to try defendant's case bore the caption of another case did not prejudicially affect defendant. Umble v. State, 207 Ala. 508, 93 South. 531. Charges failing to require the jury to base their findings on the evidence in the case are properly refused. Davis v. State, 188 Ala. 59, 66 South. 67; Edwards v. State, 205 Ala. 160, 87 South. 179. Likewise charges using the term "self-defense," without defining it, or using the word "supposition." Peel v. State, 144 Ala. 125, 39 South. 251; Smith v. State, 197 Ala. 193, 72 South. 316.

&#8685;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ANDERSON, C. J. [1] It is true that the name of "Ralph Gotcher" appeared upon the copy of the venire to try the case as served upon this defendant where his (the defendant's) name should have appeared, but the record also shows that both of them stood indicted for capital offenses, their cases were set for the same day, and each was to be tried by the same jury. Therefore the list served on the defendant contained the venire to try his case and conformed to the statutory requirement, and the fact that it contained· thereupon Gotcher's name instead of his could not have misled or prejudiced the defendant, as he or his counsel knew that both of them were to have the same venire. Umble v. State, 207 Ala. 508, 93 South. 531.

[2] The attempted predicate by defendant to impeach the witness Susie Norton as to statements made to Bob Adams and Jim Smith was irrelevant and improper at the time the questions were asked. They related to immaterial and irrelevant matter, as the details or particulars of the killing had not then been shown and no proof had at the time been offered as to self-defense or who provoked the difficulty. True, the witness had previously stated that her husband, the deceased, was unarmed when he left home, and the questions asked as to her statement to Adams and Smith may have tended to contradict her, but as to whether or not the deceased was armed when he left home was immaterial at this stage of the trial, and a witness cannot be impeached as to immaterial matter. This witness was subsequently introduced in rebuttal, and after the defendant had offered evidence tending to show self-defense, but there was no attempt to renew the predicate.

[3] Neither was it relevant or material at this stage of the trial as to whether or not the deceased was on bad terms with the defendant's father, and the trial court did not err in sustaining the state's objection to the defendant's question which sought this information from Susie Norton when testifying upon her first examination.

The other objections and exceptions to the rulings upon the evidence are so palpably without merit that a discussion of same can serve no good purpose.

[4] There was no error in refusing charge E requested by the defendant. It pretermits a reasonable doubt arising out of or upon a consideration of the evidence. Davis v. State, 188 Ala. 59, 66 South. 67; Edwards v. State, 205 Ala. 160, 87 South. 179. Moreover, the charge fails to set out the elements of self-defense.

[5] Charge B, like charge E, pretermits a reasonable doubt arising out of a consideration of the evidence. This charge, however, was not defective for not referring to not guilty by reason of insanity as noted thereupon by the trial judge. Gilbert v. State, 172 Ala. 386, 56 South. 136.

[6] Charge G, refused the defendant, if not otherwise faulty, uses the word "supposition" which should have no place in charges. Smith v. State, 197 Ala. 193, 72 South. 316.

[7] The defendant's refused charge H not only singled out one feature of the evidence, but invaded the province of the jury.

Finding no reversible error in the record, the judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.

## On Rehearing.

ANDERSON, C. J. It is insisted upon rehearing that the trial court erred in permitting the witness Mitchell, upon rebuttal, to testify as to the action and sayings of "Oscar Rikard," father of the defendant, when he reached the place of the killing. The defendant had introduced evidence to show that deceased was armed, and that he acted in self-defense, and that a pistol was found near the body of deceased. The state then introduced evidence that the deceased had no pistol when he left home, and this testimony of Mitchell, though of slight probative force, disclosed circumstances from which the jury could infer that Oscar Rikard may have placed the pistol there for the purpose of manufacturing evidence for his son, and while his effort to keep Mitchell from going down there was no part of the res gestæ as to the killing, it was a part of the res gestæ as to his action and conduct in placing the pistol there. Had the witness seen Oscar Rikard place the pistol there or change conditions, there could be no question as to the admissibility of such evidence, and the evidence in question tended to show this fact, and merely because it may be of less probative force merely affected its weight and not its admissibility.

SAYRE, GARDNER, and MILLER, JJ., concur.