(125 So. 899)

## HADLEY v. STATE. (1 Div. 903.)

Court of Appeals of Alabama. Jan. 21, 1930.

Henry D. Moorer, of Bay Minette, and Hamilton & Jones, of Evergreen, for appellant.

Charlie C. McCall, Atty. Gen., and William P. Cobb, Asst. Atty. Gen., for the State.

RICE, J. ██ It is provided in this state by statute that: "Leading questions are generally allowed in cross-examinations, and only in these; but the court may exercise a discretion in granting the right to the party calling the witness, and in refusing it to the opposite party, when, from the conduct of the witness, or other reason, justice requires it." Code 1923, § 7732. We do not find that the trial court abused his discretion in refusing, ex mero motu, to allow the question, discussed in brief of counsel filed on this appeal, to be put by appellant's counsel on cross-examination to the state's witness Charles Hall. The question *was* leading, and suggestive of the answer desired, and, for aught we can say, the "other reason" provided for in the statute fully warranted the trial judge's action, regardless of the existence vel non of the alleged fact, made so much of in said counsel's brief above, that the witness' conduct did not call for such action. That no injury was worked to appellant is apparent from the fact that the bill of exceptions discloses that the same cross-examination of the said witness by appellant's counsel was allowed to, and did, proceed and develop the testimony sought by said question.

██ We find no merit in the exception to the ruling of the court allowing the witness Wilton to testify as to having in his possession, at the time of the fatal difficulty between deceased and appellant, a knife belonging to deceased. In connection with the testimony of the state's witness Mrs. John Chancery, the wife of deceased, this testimony was competent, as tending, to only a slight degree, perhaps, but nevertheless perceptibly, to show that deceased had no knife, as it had been testified by defendant and his witnesses that he had, at the time of the fatal rencounter with appellant.

We have seen no necessity to discuss the evidence in the case. That for the state tended to show an unprovoked assault by the appellant, upon the deceased; in fact, that appellant, without any just cause, "beat the deceased to death" with a "limb" or stick. That for the appellant was to the effect that deceased, the appellant having done nothing to provoke the difficulty, was, at the time he was struck by appellant, advancing upon appellant with a drawn knife in his hand, and that the blows struck by appellant were delivered in defense of his own life.

We have examined each of the written charges requested by, and refused to, appellant. We do not find error in the refusal of any of them.

██ Requested charge No. 2 was properly refused, for the reason that the correct rule of law was substantially and fairly given to the jury, both in the trial court's excellent oral charge and in appellant's given charge No. 3. Moreover, the said charge No. 2 was correctly refused, because same was not predicated on the evidence in the case.

██ Refused charge 7 is not predicated on the evidence, and singles out good character as being sufficient to generate a reasonable doubt, independently of the other evidence.

██ Refused charge 9 was covered by the court in its general charge, and in addition

it is not predicated on an honest belief of the defendant of the imminent danger of death, or that he was about to suffer grievous bodily harm.

Each of the other refused charges was either argumentative, elliptical, misleading, not predicated on the evidence, involved, incorrect, or fully covered by, and included in, the trial court's oral charge, or the charges given at appellant's request.

No phase of the case, as tried, presents here, for review, any questions of law that are either new or novel. We have, in the discharge of our duty, carefully read and critically examined the record, including the bill of exceptions, in search of prejudical error. But we find none. The case seems to have been, in all respects, fairly and correctly tried. The judgment of conviction must be and is affirmed.

Affirmed.