(137 So. 460)

## RUSSELL v. STATE.
### 6 Div. 882.

Court of Appeals of Alabama.
June 30, 1931.

Rehearing Granted Aug. 4, 1931.
Rehearing Denied Oct. 6, 1931.

Taylor & Higgins and Chas. W. Greer, all of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant, tried under an indictment charging murder in the first degree, was convicted of the offense of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of ten years. Testimony for the state tended to show that appellant, who was not presently living with his wife, Rose Russell, appeared at her home near one midnight, and demanded an interview with her; that Rose, talking through a closed screen door, refused any further interview at that time than such as she was having, and closed the wooden front door in the face of appellant; that he thereupon cut the screen in the screen door, smashed the glass in the wooden door, and proceeded to shoot down and kill, without cause, one Alfred Howard Turner, said Rose's companion, and, inferentially, the reason for her denying entrance to appellant, though her stated reason was that appellant was "drinking," etc.

Appellant rested his defense upon an "alibi," and offered testimony tending to show that he was not present at the time and place of the shooting of Turner, the deceased; knew nothing about it; had nothing to do with it, etc.

We have given careful study to the entire record, including the bill of exceptions, but are persuaded that the only questions meriting any mention by us are among those treated in the elaborate briefs—two of them—filed here on behalf of appellant, by his careful and painstaking counsel.

Appellant's written, requested charges 10, 17, and 19 were properly refused because the substance of each of them was given to the jury in other charges. Code 1923, § 9509.

His written, requested charges 8, 21, 22, and 32 were each properly refused because not based upon a consideration of all the evidence in the case. Hadley v. State, 23 Ala. App. 382, 125 So. 899; Rikard v. State, 209 Ala. 480, 96 So. 412.

Appellant's written, requested charges 9, 28, and 30 were each properly refused because authorizing an "acquittal" upon the doubt, etc., of a single juror. Hudson v. State, 217 Ala. 479, 116 So. 800.

His written, requested charge 15 was properly refused. It states an incorrect proposition of law. McGrew v. State, 21 Ala. App. 266, 107 So. 328.

We, of course, are not to be understood as saying that there are, or are not, other objections to any one of appellant's written, requested, and refused charges hereinabove discussed than the specific one pointed out by us.

The issues, few in number, made by the evidence, were manifestly for the jury to decide. Hence the general affirmative charges, to find in appellant's favor, which he requested, were refused without error.

Deceased, Turner, was grievously wounded by a pistol shot at approximately midnight Saturday night. He died late on the following Monday. At about 2 o'clock Sunday morning he stated to his brother that he was "feeling very bad." He said: "Well, I don't think there is any chance for me because I am paralyzed from my hip down."

Testimony by the brother, above, was admitted, over appellant's objection, as to the statement—"dying statement"—made by the

deceased immediately following his language we have quoted. In admitting this testimony, we hold the court did not err.

The language used by the said Turner, later deceased, and the circumstances surrounding him at the time, are not distinguishable, in principle, from those present in the case of McQueen v. State, 94 Ala. 50, 10 So. 433, which the Supreme Court held a proper predicate for the admission in evidence of testimony as to a "dying statement." So we follow. Code 1923, § 7318. And see Sanders v. State, 2 Ala. App. 13, 56 So. 69, and McMillan v. State, 16 Ala. App. 148, 75 So. 824.

■ There was no error in refusing to allow the questions to Rose Russell, on her cross-examination, as to whether or not she had been convicted in the federal court of "violating the liquor law." Such violations did not involve moral turpitude, and testimony concerning them was not admissible. Code 1923, § 7722; Ex parte Marshall (Marshall v. State), 207 Ala. 566, 93 So. 471, 25 A. L. R. 338.

■ A considerable measure of discretion must necessarily be, and is, reposed in the trial judge, as to the limits within which the cross-examination of witnesses—including defendants, when they take the stand to testify in their own behalves—may proceed. Fondren v. State, 204 Ala. 451, 86 So. 71. In the case here we discover no abuse of this discretion nor erroneous ruling in that regard.

■ There appears to us no occasion, in the light of the record before us, to apply here, as we are urged, the rule announced in Birmingham Baptist Hospital, Inc., v. Blackwell, 221 Ala. 225, 128 So. 389, 390, to wit: "New trial will be granted if counsel, disregarding court's rulings, persists in attempting to get incompetent evidence before jury to prejudice of unsuccessful party."

Omitting, for the moment, any other phases of the conduct of the solicitor in repeating, in different forms, questions to which appellant's objections had been sustained, which might be apparent to relieve us of any duty to apply the rule just quoted, we are of the opinion that the language used by this court in the opinion in the case of Windom v. State, 18 Ala. App. 430, 93 So. 79, 81, is applicable here, to wit: "In this case the questions, in themselves, do not indicate bad faith upon the part of the prosecuting attorney, nor do we think the record discloses the defendant's case was injuriously affected thereby."

What we have said hereinabove seems to dispose of, adversely to appellant's implied wishes, all those questions apparent, which are not, in our opinion, obviously without merit.

The case has had our careful study. We can find no prejudicially erroneous ruling to have been made. It appears that appellant has had a fair trial, and the judgment of conviction is affirmed.

Affirmed.

### On Rehearing.

■ A witness, Summers, was placed upon the stand by the state for the purpose of eliciting testimony in rebuttal of that which had been offered by appellant in support of his claimed alibi.

Upon the cross-examination of this witness appellant brought from him testimony tending to show the good character, reputation, etc., of appellant. Whereupon the state, on redirect examination, asked the witness this question: "You have heard, though, that he killed two men before he killed this one, haven't you, here in Birmingham?"

Over the timely objection of appellant, one of the grounds of which was the question. "Didn't State (ask) when he heard it?" the witness was allowed to answer the question; his answer being, "Yes, sir."

While there is apparent at least one other valid ground of objection to the question quoted, i. e., that it *assumed* that appellant had killed the deceased, a fact stoutly denied by him, which ground, perhaps, though, is not presented to us, yet we are, upon reconsideration, of the opinion, and hold, that the ground set out, above, was a good one, and that the appellant's objection, based thereon, should have been sustained.

The rule in such matters seems to be that contained in the following quoted excerpts from the opinion by this court in the case of Mitchell v. State, 14 Ala. App. 46, 70 So. 991, 992, to wit:

"In criminal prosecutions, evidence of the general good character of the accused is admissible as original evidence tending to exculpate from the charge, and the weight of authority establishes what we consider the better rule, that such evidence, when offered, should be directed to the particular traits of character involved in the nature of the charge. * * * The character of the accused in this respect can be made an issue only by the accused offering proof of his good character, and when he does, the state may * * * on the cross-examination of the defendant's witness, show reports or rumors current in the community of defendant's residence before the alleged criminal act under investigation derogatory to his good character in the respect he has put it in issue, for the purpose of showing that the witness was mistaken in his estimate of defendant's character. * * * But such evidence must be limited to repute affecting the defendant's character current *prior to the commission of the crime under investigation*." (Italics ours.)

In the instant case the answer to the question above quoted brought into the case a rumor, or report, heard by the witness, which,

it was later developed, the witness had heard only *since* the commission of the offense under investigation. This, as so well pointed out in the opinion in the Mitchell Case, supra, is expressly prohibited.

We think the prejudicial nature of the objectionable testimony under consideration is obvious.

While adhering to our views as expressed in our original opinion in this case, except as modified by what we have here written, we are now of the opinion that, for the error pointed out herein, the application for rehearing must be granted, the order of affirmance set aside, the judgment of conviction reversed, and the cause remanded. And it is so ordered.

Application granted. Order of affirmance set aside. Judgment of conviction reversed, and cause remanded.